## DISTRIBUTEES OF KNIGHT v. GODBOLT, ADM'R.

An administrator, when cited to a final settlement by a distributee, is entitled to show a retainer of assets for any just debt due to himself, although within the bar of the statute of limitations, so that it is without the period of time when the presumption of payment would arise.

Appeal from the County Court of Mobile County.

This proceeding in the County Court was the final settlement of the estate of James Knight, deceased, by Godbolt, administrator *de bonis non.* Among the items charged against the estate were several promissory notes made by Knight in his life time, to Godbolt, which had been past due for more than six years before the death of Knight.

The counsel for the distributee objected to the allowance of those items in the account. The Court however, admitted them, and this is assigned as error.

LESSESNE, for the plaintiff in error, insisted that an administrator is not permitted to take a debt due to another out of the control of the statute of limitations by admissions of its justice. [Thompson v. Jeter, 12 Wheat. 565; Peck v. Belsford, 7 Conn. 186; Doe v. McLosky, 1 Ala. Rep. 741.] For the same reason, an administrator will not be allowed to retain for a debt over due him, which is barred by the statute at the time of the intestate's death. [Richmond, Ex parte, 2 Pick. 569; Rodgers v. Rodgers, 3 Wend. 503; Bond v. Smith 2 Ala. Rep. N. S. 663.]

JOHN GAYLE, contra, argued that the right of an administrator to retain for his own debt, is not controlled by the statute. [Wms. on Executors, 685; Toller Ex. 295; 2 Paige, 109; 1 Lomax on Ex. 417; Maddox, 583.]

If the administrator has assets in his hands, his debt is extinguished at the common law. [2 Wms. on Ex. 816 to 818; 1 Salk. 304; 1 Lomax 417.]

A debt of a third party is not extinguished, nor is the administrator compelled to plead the statute. [13 Mass. Rep. 164; Wms. on Ex. 1110; 1 Ala. Rep. N. S. 663.] As the administrator can pay debts to others which are barred, he can also pay himself. [Wms. on Ex. 693; Maddox, 583; Lomax, 417; Minor, 353; 15 Vesey, 458.]

GOLDTHWAITE, J.— All the elementary treatises upon the rights and duties of executors and administrators treat of their right to retain, in preference to any other creditor, any debt in equal degree. [Wms. on Ex. 685; Toller on Ex. 295; Lomax on Ex. 417.] This was unquestionably the law previous to the enactment of the statutes of limitation, and we are not aware there is any decision afterwards made in the English Courts, which limits this right. Indeed, it would be unreasonable that an administrator should be clothed with the power to charge the estate of his intestate with a debt due to another, although within the bar of the statute, and yet be remediless with respect to his own. The only case in which the precise question here made seems to have been agitated in England, is that of Hopkinson v. Leach, Madd. Pr. 583, when Sir John Leach thought the retainer was good, but di-

39

rected the opinion of a Court of law should be taken. Whether it ever was taken does not appear. The reasons why an administrator is allowed to retain in preference to any other creditor of equal degree at the common law, are forcibly stated in the case of Chapman v. Turner, 11 Viner's Ab. 72, and are equally applicable to the retainer for a debt barred.

What was said by this Court in the case of Doe v. McLoskey, 1 Ala. Rep. N. S. 741, must be construed with reference to the facts then before the Court, and have no application to the retainer of a debt out of the personal estate.

The case of Rodgers v. Rodgers, 3 Wend. 503, certainly sustains the plaintiff in error, but the only reason given for that decision on this point is, "that the right of retainer should not place the executor in a better situation than other creditors, as to the kind of debts that he may retain." Therefore, it was then said, " he cannot retain a debt which he could not recover if he stood as creditor simply, and not as executor." This reasoning certainly is not satisfactory, because if a retainer in a case like this is not permitted, so far from standing better, he should be in a worse condition, because the creditor in such a case may sue, and must recover if the bar is not insisted on by plea. He could also avoid the plea, by showing an express promise by the administrator.

All the other cases cited are those where the personal representative, or a creditor, was pursuing real assets descended to the heir.

Over these the personal representative has no control whatever, and neither action or admission by him, can affect the heir, who, representing his ancestor, is entitled to plead the statute or waive it at his own discretion. Such was the case of Bond v. Smith, 2 Ala. Rep. N. S. 663, and similar in principle are the others.

The case of an insolvent estate has been supposed as one of great hardship, if this rule is declared, but to such the doctrine of retainer has no application. There, the Judge of the County Court, or Commissioners, determine on the validity of the claims, and it is probable the administrator would stand only as any other creditor.

Our conclusion then is, that when the administrator is cited to a settlement by a distributee, he is entitled to show a retainer

of assets for any just debt due to himself, although within the bar of the statute, but without the period when a presumption of payment would arise.

The result of this conclusion is, the affirmance of the judgment of the County Court.

[This case was again argued by CAMPBELL for the plaintiff in error, at the January Term, 1845. In addition to the authorities previously cited, he relied on Shewer v. Vanderhost, 1 Russ. & M. 347; De Tastet v. Shaw, 1 B. & A. 664.]

GOLDTHWAITE, J.—The additional cases cited upon the re-argument of this cause, do not materially affect the principle on which our former decree was rested. That principle is, that as an administrator is in no case bound to insist upon the bar of the statute of limitations, when sued by another, he may retain for his own debt in the same condition. Lord Brougham, in the decision of Shewer v. Vanderhorst, 1 Russ. & M. 347, does not deny the principle, but takes the distinction, that when an administrator of the estate is drawn into equity, a creditor, or volunteer may raise the objection, although the personal representative declines to do so. Whatever the authority of the case may be, it would be entirely a different matter to decide, that an admission by the administrator was of no value; or that his right of retainer was gone, because there was no one to admit, or give effect to the moral obligation which rested on the conscience of his intestate. The case of De Tastet v. Shaw, 1 B. & A. 664, proceeds upon the technical ground, that an equitable demand, requiring an account to be taken, is not the subject of retainer. The observation by Lord Ellenborough, in that case, that justice cannot be administered without affording the plaintiff, an opportunity of controverting the amount of the debt, doubtless applies to all cases; but there is a marked distinction between the right to controvert the amount of a debt, and that of insisting on a statutory bar, which in all other cases but his own, the administrator is clothed by law with the discretion to waive.

The common law seems to place an administrator, in every condition of his intestate's estate, in the stead of the party

whom he represents, with the single exception, that all personal actions were extinguished by his death. In the progress of society, many modifications of this policy has doubtless become necessary, and it is very possible that the discretion of the administrator, both as to admissions to bind the estate, as well as his right to retain, may be proper; but these modifications belong to the legislature, and not to the Courts of law.

Judgment affirmed.