## M. L. CAVERT, Administrator, Appellant, v. MARGARET ALDERMAN, Respondent.

### No. 2212; June 11, 1859.

**Partnership.**—The Right of a Surviving Partner to Settle the Affairs of the firm results wholly from the joint interest whereby he might claim to hold the assets as if he were the owner; no such right inheres in one who has sold his entire interest to his copartner, even though he may not yet have received the purchase money.

**Administrator—Claims of—Presentation.**—The statutory requirement that in the settlement of estates the claim of an administrator, not growing out of his official position, must be presented to the probate judge for allowance, was intended merely as a protection and authentic voucher for the administrator on his settlement.

**Administrator—Claims of—Failure to Present.**—An administrator is not precluded from his credit, in respect of any claim he may have unofficially against the estate, by his failure to have the claim allowed in the first instance by the judge of probate; but may show the existence and justice of the claim when settling his accounts, being prepared with his proofs in case he is challenged by the distributees.

APPEAL from Probate Court, San Francisco County.

L. Aldrich for appellant; W. W. Crane, Jr., for respondent.

BALDWIN, J.—Cavert, the appellant, was the administrator of this estate. In 1852 Alderman and Cavert were mercantile partners under the firm of Alderman & Co., and

had been for some time previously. In 1852 it seems that Cavert sold out his interest to Alderman for five thousand dollars, payable at twelve months, with interest at three per cent, but it was expressly agreed·that the name of Cavert should continue in the firm and the firm business go on under the old name. Shortly afterward Alderman died and Cavert took administration on his estate. He claims the right as the surviving partner to hold the assets and wind up the firm business, it being unsettled and debts due at the time of the death of the intestate. He also claims the right to retain this debt of five thousand dollars and interest out of the assets. The claim was not presented to the probate judge for allowance.

The right of a surviving partner to retain possession of the firm property and settle up the firm business is a familiar rule of the common law, and the principle is incorporated into our own statute. It is said, however, that this rule has no application to this case, but is limited to an actual partnership in which the survivor has a beneficial interest in the estate. It is argued, on the other hand, that this is not the case of a mere liability as partner, which occurs where one partner withdraws from the firm, but omits to give notice, and thus is held bound for the debts to persons ignorant of the change of the firm; but that it is the case of an express agreement for the continuance of the old member in his relation of associate in the concern; that as to the creditors of the firm the associate would be a partner, subject to all the liabilities of that relation; and he would have a right to insist upon the performance of the duties of the other associate necessary to his protection, and to the application of the firm property to the firm debts, and that if held liable as a partner, he is entitled to the protection of one.

This reasoning is more specious than sound. There is little difference between Cavert agreeing expressly to let his name be used in a business in which he had no interest, and his suffering it, by neglect or otherwise, to be so used. He was not a partner. There is no definition of partnership which would include him. There can be no partnership without a community of interest in the profits, and he had no share either in profits or losses, nor any interest in the capital stock or business. Story on Partnership, section 18, thus defines

a partnership: "Every real partnership so intended by the parties themselves imports ex vi termini a community of interest in the profits of the business of the partnership, that is to say, a joint and mutual interest in the profits thereof or a communion of profits. And this is of the very essence of the contract; for, without this communion of profits, a partnership cannot, in the contemplation of the law, exist." The error of the argument on the side of the appellant is in supposing that Cavert was a partner at all. Not having any joint interest with Alderman, he could not claim to hold the assets as if he were owner. The right of the surviving partner results from this title. If he has no ownership he cannot avail himself of this matter of representation to show title to the assets as surviving partner when he was not. If this were so, all a man has to do to entitle him to take possession of the assets of a firm is to hold himself out as a partner. But it is the fact, not his representation of it, which gives this right to the man who asserts it.

The other question is more difficult. So far as the five thousand dollar debt is concerned, we do not see how it can be considered a firm debt. As we understand it, it was an individual debt due from Alderman to Cavert. The question, then, is this: Can an administrator, holding a debt against the estate of his intestate, pay himself and claim a credit when he has never presented his claim for allowance to the probate court?

The statute (C. L. 395, sec. 130) provides that every claim against an estate shall be presented within ten months after publication of notice to the executor or administrator, and if not so presented, it shall be barred forever. Subsequent sections of the statute provide that the claim shall be supported by affidavits, etc.; that when presented to the administrator he shall indorse his allowance or rejection of it; if allowed, it shall be presented to the probate judge for his approval, who shall, in the same manner, indorse upon it his allowance or rejection. Section 145 provides that if the executor or administrator is himself a creditor of the testator or intestate, his claim, duly authenticated by affidavits, shall be presented for allowance or rejection, and its allowance by the probate judge shall be sufficient evidence of its correctness.

The object of these provisions, except the last, as was held in Deck's Estate v. Gherke, 6 Cal. 667, was to prevent the estates of decedents from being wasted in useless litigation. The administrator paying a debt at common law took upon himself the risk of its being a proper charge upon the estate; and our statute, by making the allowance of the administrator and of the probate judge a sufficient voucher for the payment, obviated the necessity of suit for the protection of the administrator. Deck v. Gherke is supported by Wren v. Span, 1 How. (Miss.) 119; Campbell v. Young, 3 How. (Miss.) 303; Wilson v. Walker, 3 Stew. (Ala.) 216; Brown v. Hill, 27 Miss. 51; Rawlins v. Poindexter, 27 Miss. 64.

In Knight v. Godbolt, 7 Ala. 304, it is held that an administrator is entitled to retain assets for any just debt due to himself, although within the bar of the statute of limitations, if it be without the period when presumption of payment would arise; and such is the common-law rule, though our statute forbids the payment of a debt barred by the statute of limitations.

Regarding, then, this provision requiring the presentation of the claim of the administrator to the probate judge for allowance not as an absolute inhibition of payment or of the recognition of the claim as a valid charge on the estate unless the claim be so allowed, but merely as a protection and authentic voucher for the administrator on his settlement, we think that the administrator is not precluded of his credit from the failure to have his claim allowed in the first instance by the probate judge. This failure undoubtedly throws upon him the burden of showing the existence and justice of his claim. But this he can as well do when he comes to settle his accounts—when the proofs are challenged, and the distributees can have a fair opportunity of contesting with him—as he could do on an ex parte proceeding before the judge.

The distributees have a right to compel him to full settlement and to an explicit and detailed statement of his accounts. He must show every single item of expenditure and of receipt, with the dates and character and amount, and produce full and satisfactory proof of his disbursements and that they are proper charges against the estate. If he has undertaken to pay debts of the estate not authenticated, he has done it at his own risk, and must make satisfactory proof

that he has made the payments and that they were just and legal debts. If he has used the money of the estate, he ought to be made to pay interest, and so if he has unreasonably delayed the settlement of his accounts.

The judgment is reversed and cause remanded, to be proceeded with below in accordance with this opinion.

Ordered accordingly.

I concur: Terry, C. J.