**James A. Jordan and Charles A. Jordan, Appellees, v. Amanda Jordan, Sr., et al., on appeal of Nettie B. Jordan et al., Appellants.**

### (Not to be reported in full.)

Appeal from the Circuit Court of Ford county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded with directions. Opinion filed October 13, 1915.

### Statement of the Case.

Report by trustees of an estate praying a decree ordering distribution of the fund. James A. Jordan and Charles A. Jordan, trustees, petitioners, against Amanda Jordan, Sr., *et al.*, respondents, on appeal of Nettie B. Jordan, Chloa Day Jordan, James Blaine Jordan, Cenoth L. Jordan, William McKinley Jordan, Homer Jordan, by Frank Lindley, his guardian *ad litem*, respondents, from a decree ordering distribution.

JOHN H. PASSMORE and DANIEL RILEY MCMASTER, for appellants.

C. E. BEACH and PHILLIPS & SWANSON, for appellees.

FRANK LINDLEY, for Homer Jordan, minor appellant.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. ESTATES, § 3*—*when estate not vested.* Where by will property was left to trustees to collect rents and profits and pay off all indebtedness and then to pay the income thereof equally among the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

testator's children living at such time, and to the heirs of such child as may have died, the portion which would have gone to him had he been living, and it was further provided by such will that the amount of an advancement made and to be made to one of the testator's grandsons should, if not repaid by him, be deducted from any money that might eventually go to his father, and the father died before the debts of the estate were paid and thus did not become entitled to any of the proceeds of the income thereof, a decree finding that the amount of such advancement and also a debt owing by the grandson's father to the estate, together with a debt owing by the grandson's brothers and sisters to the trustees for money advanced them, were chargeable against and ordering that they be deducted *pro rata* from the shares of the rents and profits accruing to such grandchildren, *held* erroneous and reversed and remanded with directions to set off against each heir's distributive portion the amount of his indebtedness, since such grandchildren, though designated in the will as heirs of the father, took not as such by inheritance, but under their grandfather's will, the father having but a contingent life estate, in the rents and profits, which never became vested in him.

2. WILLS, § 261*—*how word "heirs" construed.* In a will creating a trust estate and providing that the rents and profits thereof should be collected and paid to the testator's "children, share and share alike, and in case of the death of any one of my said children, the same to be paid to the heirs or in case of minority to the legal guardian of such child or children, share and share alike," the word "heirs" *held* to be a word of description of the class of persons to which the residuary estate was devised and not to indicate that they were to take by inheritance.

3. EXECUTORS AND ADMINISTRATORS, § 359*—*when barred debts may be offset against distributive shares.* Though debts owing to an estate cannot be collected because the statute of limitations has run against them, the amounts thereof may, however, be offset by the trustees against distributive shares becoming payable to such debtors.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.