## LOCKERBY *v.* SAWYER.

1. BANKRUPTCY—ADMINISTRATORS AND EXECUTORS—EXECUTOR NOT ENTITLED TO FEES NOT EARNED.

In a suit by a trustee in bankruptcy against his bankrupt and the executors of an estate, to recover money alleged to be owing to the bankrupt by the estate as executor's fees and as a legacy and fraudulently withheld from plaintiff, testimony that although said bankrupt was named as one of the executors of said estate he never performed any valuable services for it, and therefore was not entitled to any fees, *held*, to justify decree for defendants.

2. SAME—ASSIGNMENT OF LEGACY TO WIFE MAY NOT BE SET ASIDE WHERE SHE IS NOT A PARTY.

Where, three years before this suit was commenced, the

---

The question of indebtedness of heir or devisee to estate as counterclaim or set-off against distributive share in proceeds of real estate, see notes in 4 L. R. A. (N. S.) 189; L. R. A. 1915A, 1179.

bankrupt assigned his interest in the legacy to his wife to whom he was heavily indebted at the time, and the said assignment has never been attacked or set aside, and the wife is not a party to this suit, she is the owner of said legacy so far as this cause is concerned, and cannot be deprived thereof without her day in court.

3. Wills—Construction—Outlawed Notes Evidence of Indebtedness—Limitation of Actions.

   Where a will provided that any evidence of indebtedness owing by a legatee to the testator should be treated as payment of the bequest to the extent of its face value, notes outlawed by the statute of limitations were properly treated by the executors of the estate as evidence of indebtedness and charged against the bequest, since said statute does not affect the existence or the moral obligation of the debt, but only the remedy of the creditor to recover.

4. Parties—Amendments—Bill Should be Amended to Bring in New Party Before Final Decision Rendered.

   Where, in a suit by a trustee in bankruptcy to reach a legacy claimed to belong to the bankrupt, it was disclosed by the answer that said legacy had been assigned to the bankrupt's wife, plaintiff should then have asked leave to amend the bill making her a party rather than wait until after an adverse decision had been rendered.

Appeal from Hillsdale; Sample (George W.), J., presiding. Submitted June 14, 1922. (Docket No. 1.) Decided October 2, 1922.

Bill by William H. Lockerby, trustee in bankruptcy of Walter H. Sawyer, against Walter H. Sawyer and others for a discovery and an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Merton Fitzpatrick* (*William K. Patterson, Isadore Vise* and *A. F. Freeman,* of counsel), for plaintiff.

*Henry Miltner* and *William J. Griffin,* for defendants.

WIEST, J.   An examination of the record and briefs

leads us to adopt the opinion of the learned circuit judge.   The opinion follows:

"The plaintiff in this case is trustee of Walter H. Sawyer who was declared bankrupt by the United States district court, in bankruptcy.   The defendants are the executors of the estate of William W. Mitchell, deceased.   It is alleged in the bill of complaint, filed herein, that the said bankrupt and the defendants were attempting to defraud the bankrupt estate.   By the terms of the last will and testament of the said William W. Mitchell, deceased, the said bankrupt was appointed one of the co-executors of said estate.   The bill of complaint herein asks for the discovery of any indebtedness on the part of the defendants as executors of said estate to the said Walter H. Sawyer and also of any property interests of Walter H. Sawyer held by them and especially asking that certain notes of $200,000 or cash be turned over to the plaintiff according to the terms of a certain bequest in the last will and testament of the said William W. Mitchell, deceased.

"It is the contention of the plaintiff in this cause that defendants owe the bankrupt executors fees amounting to $10,955.16 with interest at 5% from January 1, 1917.   And also that one-half of a legacy of $400,000 left to the bankrupt and his wife less $30,000 in personal notes of the bankrupt, and less also $59,000 in notes which were conceded not to be outlawed, in other words $111,000 ought to be turned over by the defendants to the bankrupt's trustee, the plaintiff herein.   It is further contended that the aforesaid $59,000 in notes should be turned over to the said trustee.

"It is the contention of the defendants that the plaintiff is not entitled to any of the relief prayed for in the said bill of complaint.   *   *   *

"According to the testimony in this cause the bankrupt was appointed one of the executors of William W. Mitchell, deceased.   It further appears that soon after the death of the deceased it was agreed that Walter H. Sawyer was not to perform any work for the said estate as one of the co-executors.   It appears that he did not resign as executor, but that it was understood and agreed between him and his co-

executors mentioned in said will that he was to receive no pay as executor of said estate. It is also the testimony in this cause that beyond the signing of some papers which were mailed to him by the active executors of the said estate, he did nothing as executor. It further appears from the undisputed evidence in this cause that a check for $10,955.16 was drawn to Dr. Walter H. Sawyer and that said sum was one-fourth of the total fees to be allowed as executor's fees of said estate. It also appears as undisputed that the check was sent to Walter H. Sawyer directing him to turn it over without cashing it to Marie Mitchell Barry, a daughter of the deceased, whose allowance appeared to be insufficient to carry on her education and maintenance. And it further appears from the testimony that this method of passing the check through the said Walter H. Sawyer was a method devised by the active executors of said estate not for the payment of fees to Dr. Sawyer, but that the amount might be paid to the said Marie Mitchell Barry to relieve her distress for funds. I find the foregoing to be the facts according to the testimony with reference to executor's fees and I further find that the said Walter H. Sawyer did not perform any valuable services as executor for the said William W. Mitchell estate and that he is therefore not entitled to any fees whatever and that the trustee in bankruptcy cannot recover anything from the defendants by reason of fees alleged to have been earned by the said Walter H. Sawyer.

"And it further appears from the testimony in this cause that the plaintiff claims that the sum of $200,000 less $30,000 in personal notes held by the said deceased William W. Mitchell against Walter H. Sawyer, less also the sum of $59,000 of notes which were not outlawed, but which under the provisions of the will could be set off against any legacy which would be left to the said Walter H. Sawyer or Harriet Belle Sawyer, his wife, by the said William W. Mitchell, deceased, leaving the sum of $111,000 as the sum to be paid under the provisions of the will of the said William W. Mitchell, deceased, as a legacy to Walter H. Sawyer. It was conceded at the time of the argument by counsel for the plaintiff that the claim of the

trustee in bankruptcy against the said legacy of said bankrupt under said will of said deceased amounted to the sum of $111,000. The defendants' claim is that they set off against the legacy of Walter H. Sawyer the said personal notes amounting to $30,000, the said notes which were not outlawed amounting to $59,000, and $111,000 in notes which the parties admitted were outlawed. The plaintiff claims that he is not compelled under the terms of the legacy to accept the said $111,000 in outlawed notes. The defendants claim that the provisions of the will gave them the right to set over against the said legacy any notes or other evidences of indebtedness such as the $111,000 scheduled notes whether the same were outlawed or not. The provisions of the will relating to the legacy to the said Walter H. Sawyer and Harriet Belle Sawyer, his wife, wherein the $400,000-bequest is made is as follows:

" 'But in the payment of this bequest I will and direct that if at the time of my death I shall own, hold or be obligated upon any evidence of indebtedness owing by the said Walter H. Sawyer or the said Harriet Belle Sawyer, or by any co-partnership, company, corporation or concern in which the said Walter H. Sawyer and the said Harriet Belle Sawyer or either of them is interested as co-partner, owner, stockholder, proprietor or part proprietor, then any and all such evidence of indebtedness shall, as soon as may be after my death, be by my executors properly assigned and turned over to the said Walter H. Sawyer and Harriet Belle Sawyer, or to the then survivor of the twain, if such survivor shall survive me, and the face value of such evidence of indebtedness, with any accumulated interest thereon, be applied upon and treated as payment to the extent of such face value and interest of the bequest in this paragraph six provided for.'

"There was no testimony given in the present cause that there was any property, money or effects outside of the two items of fees and the claim of the legacy. The question of fees I have heretofore disposed of.

"The defendants contend that the bill of complaint should be dismissed with costs because they claim there is nothing due the plaintiff under the bequest in the said will for the following reasons:

"1. It appears from the testimony at the time suit was commenced, the defendants were not indebted to

Walter H. Sawyer for the reason that 'on or about the 12th day of November, 1915, the said Walter H. Sawyer made and executed an assignment of all of his right, title and interest in and to said bequest. The testimony was that the assignment was made soon after the death of Mr. Mitchell. The said Walter H. Sawyer was heavily indebted to his said wife and he took this method of securing said indebtedness. The assignment took place about three years before the commencement of this action and the good faith of said assignment was not attacked by anyone's testimony. The assignment was made about the 12th day of November, 1915, and was filed with the probate judge for Wexford county, this State, and it showed that Harriet Belle Sawyer was the owner of the legacy bequeathed to Walter H. Sawyer and herself. There is no testimony showing that the assignment was attacked or set aside and it is my opinion that the record title, and the title in so far as this cause is concerned to the said legacy of the said Walter H. Sawyer and Harriet Belle Sawyer, is in the said Harriet Belle Sawyer and that she not being a party to this action and therefore never having had an opportunity to protect her rights under this assignment cannot be deprived of the property which is in her name as the legal owner without being made a party and without having her day in court.

"2. The defendants further contend that the said Walter H. Sawyer at the time of the death of the said William W. Mitchell was indebted to him in at least twice the amount of the legacy to the said Walter H. Sawyer and his wife. The plaintiff in this cause objects to the executors having set aside outlawed paper in payment of the bequest. It is conceded that $59,000 of said notes is not outlawed paper, and that $30,000 of said notes are personal notes held by the said William W. Mitchell estate against the said Walter H. Sawyer. It is agreed that $111,000 of said notes is outlawed. I am of the opinion that the outlawed notes are to be classed as notes which were owing to the said estate and that while they were outlawed, that, as a matter of law the defendants had a right to set aside any such paper in their possession under terms of this bequest, against the legacy of the said Sawyers. The outlawed notes were not paid and

therefore they are 'owing.' The statutes of limitations say that no action shall be brought six years after the due date of such an indebtedness, but they do not state that the debt is discharged. The statutes of limitation do not affect the existence or the moral obligation of a debt, they only affect the remedy of the creditor. The debt still exists, the remedy only to recover is lacking. That provision of the will relating to the legacy of Walter H. Sawyer and Harriet Belle Sawyer is very plain and meaningful to me and in my judgment it is unnecessary for me to go further in discussing what the deceased meant by such terms as 'if at the time of his death he should hold or be obligated on any evidence of indebtedness owing,' and, 'then any and all such evidence of indebtedness shall.' I am sure that the provisions of the will of the late William W. Mitchell and the statutes and decisions of our courts do not admit of any different interpretation than I feel here compelled to give. I do not believe in the first place that this court has jurisdiction of the matter herein because of the assignment to Harriet Belle Sawyer by Dr. Walter H. Sawyer, but, even admitting, only for the sake of considering the right of the executors to set off the before mentioned debts of Dr. Walter H. Sawyer against the said legacy, that the question of the assignment should not be considered. I am still of the opinion that the executors of said estate have done the only thing that the proper and plain interpretation of the will directs them to do.

"I am also of the opinion that the executors of the estate are entitled to the possession of the personal notes in question.

"A decree may be entered in this cause in accordance with the above and foregoing opinion with costs to be taxed in favor of the defendants."

There remains little to be said. It was the duty of the executors of the estate to employ the notes upon which Dr. Sawyer was liable in satisfaction of the bequest, and it rested with them to make the selection of such notes, and they were not required to give any heed to the statute of limitations. The terms of the bequest provided it should be satisfied to the extent

of the obligations held by the testator against either or both of the beneficiaries. The bequest has been satisfied in accordance with the terms of the will and by the receipt of both Mr. and Mrs. Sawyer. The executors acted in accord with the terms of the will. Mr. Mitchell had a right to attach conditions to his gift.

Dr. Sawyer is still indebted to the estate as a guarantor upon notes held by the estate to the extent of many thousands of dollars. Under the evidence plaintiff is in no position to insist that the personal notes of Dr. Sawyer employed in satisfaction of the bequest be assigned over to him. If any one can insist upon such assignment it is Mrs. Sawyer.

Plaintiff declined to take the $111,000 of outlawed notes, and the reason is apparent, for they would be of no value if taken.

In the circuit, after the opinion was rendered, an application was made by the plaintiff to amend the bill and make Mrs. Sawyer a party, and upon a hearing this application was denied. We think the circuit judge was right in this. The answer of defendants, filed September 3, 1920, averred the assignment by Dr. Sawyer to his wife and plaintiff should have then asked leave to amend and not have waited until after hearing and an adverse decision. The record fully persuades us that such assignment was made within a few days of the death of William W. Mitchell, worked no fraud, and is not open to attack at this time by plaintiff.

The decree in the circuit is affirmed, with costs to defendants.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.