[No. 17619. *En Banc.* January 2, 1923.]

*In the Matter of the Estate of* LEWIS E. BRADEN, *Deceased.*

LENA BRADEN CRAWFORD, *Appellant,* v. ANNA LOUISA BRADEN *et al., Respondents.*[1]

DESCENT AND DISTRIBUTION (45)—RIGHTS OF HEIRS—SET-OFF OF DEBTS—SEPARATE AND COMMUNITY PROPERTY. The distributive portion of an estate belonging to a married daughter as her separate property cannot be retained or subjected to the community debt of herself and husband upon promissory notes given to the decedent and due to the estate.

HUSBAND AND WIFE (27, 76)—WIFE'S SEPARATE ESTATE—LIABILITY FOR COMMUNITY DEBTS. The wife's separate property not being liable for the community debts, the courts cannot declare her distributive share of an estate to be subject to an equitable set-off for the community debt of herself and husband for money loaned by the decedent, on the theory that the community was insolvent and that she had received and dissipated more than her share of the estate.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 9, 1922, in probate, upon findings in favor of the administratrix, allowing a set-off upon final distribution. Reversed.

*Harry H. Johnston,* for appellant.

*Thomas J. Wayne* and *Williamson, Freeman & Broenkow,* for respondent Anna Louisa Braden.

*Stiles & Latcham,* for respondents John L. Braden, Anna Braden Berg, and Lawrence E. Braden, Jr.

[1]Reported in 211 Pac. 743.

PEMBERTON, J.— Lewis E. Braden died intestate May 4, 1921, and left surviving him his widow, Anna Louisa Braden, and four children of a former marriage, John L. Braden, Anna Braden Berg, Lawrence E. Braden, Jr., respondents, and Lena Braden Crawford, appellant.

Lewis E. Braden, at the time of his decease, was the owner of certain real and personal property in Pierce county. J. L. Crawford, the husband of appellant, and the community were indebted to Lewis E. Braden, deceased, in the sum of $3,760.90 as evidenced by certain promissory notes signed by J. L. Crawford, and are insolvent. Respondent Anna Louisa Braden was appointed administratrix of the estate.

Upon hearing the final report and petition for distribution, the court entered certain findings of fact and conclusions of law, finding number ten being as follows:

"That the amount owing to this estate by the community composed of J. L. Crawford and Lena Braden Crawford in the sum of $3,760.90 should be retained by the administratrix from the distributive share due to the said Lena Braden Crawford and the court concludes that the amount so owing is in excess of the distributive share of said Lena Braden Crawford and there is therefore nothing to be distributed from this estate to the said Lena Braden Crawford, and the administratrix is hereby authorized, directed and empowered to turn over to the said Lena Braden Crawford in full of her interest of this estate, the notes held by this estate and signed by the said J. L. Crawford on his own behalf and on behalf of the community composed of J. L. Crawford and Lena Braden Crawford . . . "

There is but one question in this appeal: Can the distributive portion of the estate of Lewis E. Braden, deceased, belonging to appellant as her separate prop-

erty, be retained by the administratrix under the common law rule of retainer, or as an equitable set-off, for the reason that J. L. Crawford and the community of himself and wife are indebted to the estate in an amount in excess of such distributive portion?

It is the law of this state "that, before the devisee can have a distributive interest in the estate, his debt due the estate must be settled." *Boyer v. Robinson,* 26 Wash. 117, 66 Pac. 119.

"A debt due from the husband of a legatee or distributee cannot be deducted from her legacy or distributive share." 24 C. J. 488.

"In an action by a wife it is held to be a general rule that defendant cannot set off or counter-claim a claim against the husband. . . . Conversely, in an action by the husband, defendant cannot set off a claim against the wife; nor can such claim be counter-claimed; nor can defendant counter-claim a claim against the husband and his wife jointly. . . . Equity, relaxing the rigid rules of the statute of set-off, may allow a set-off which the law would refuse." 34 Cyc. 740, 741, 744.

"Although the general rule in equity, as at law, is that joint and separate debts cannot be set off against each other, wherever it is necessary to effect a clear equity, or to prevent irremediable injustice, the set-off of joint and separate debts will be allowed." 34 Cyc. 725.

It is urged that equity requires that the administratrix retain or set off the distributive portion of the wife against the community indebtedness due the estate. Respondent contends that appellant,

"Having through the community already obtained and dissipated more than her just share of her father's estate, she now comes demanding to share equally with her brothers and sisters in the residue. Looking through the form and into the substance, equity should intervene to prevent this unconscionable advantage to

the appellant and irremediable injustice to the respondents.''

A number of authorities have been referred to sustaining this contention. These, however, are cases in which the wife herself was indebted to the estate, or under the common law whereby the distributive share of the wife in her father's estate is considered a chose in action and belongs to the husband by virtue of his marital rights.

The law of this state does not permit the separate property of the wife to be taken to satisfy a community obligation.

''It is well settled in this state that neither the wife, personally, nor her separate estate is liable for the payment of community debts contracted by the husband.'' *McLean v. Burginger*, 100 Wash. 570, 171 Pac. 518.

''In an action on a promissory note executed by the husband alone the utmost relief the plaintiff is entitled to, as against the wife, is a judgment establishing the community character of the indebtedness.'' *Anderson v. Burgoyne*, 60 Wash. 511, 111 Pac. 777.

''The separate estate of the wife by mere operation of law can never be made liable for community debts.'' Ballinger on Community Property, § 120.

Equity would no more demand that the separate property of the wife, the distributive portion of her father's estate, be taken in payment of the community obligation of herself and her husband due the estate than that any other separate property of the wife be taken to satisfy a community obligation.

The appellant is entitled to her distributive share of the estate, and the trial court should not have directed the administratrix to retain the same as a set-off or otherwise against the indebtedness due the estate from J. L. Crawford and the marriage community of J. L. Crawford and appellant.

The judgment appealed from is reversed, with instructions to enter judgment in accordance with the views herein expressed.

All concur.