[No. 19510.  Department One.  January 12, 1926.]

CLAY FRUIT *et al., Appellants,* v. R. M. FANCHER *et al.,
Respondents.*[1]

[1] EXCHANGE OF PROPERTIES (3)— REMEDIES — FRAUD — EVIDENCE—
SUFFICIENCY.  On an exchange of lands, findings of plaintiffs'
misrepresentations of fact as to water rights as to their land
are sustained, notwithstanding they did not guarantee and did
not know what their rights were in law, where there was evi-
dence that they made misstatements of fact concerning water
flowing in the bed of a stream affecting riparian rights (HOL-
COMB, J., dissenting).

[2] LIMITATION OF ACTIONS (27)—SET-OFF AND COUNTERCLAIM—RE-
COUPMENT.  Where equitable relief is sought on a contract,
recoupment arising out of the same matter, for fraud discovered
more than three years prior thereto, may be claimed to the
extent of the relief sought by plaintiff, notwithstanding it would
be barred by the statutes in an independent action therefor.

Appeal from a judgment of the superior court for
Okanogan county, Jeffers, J., entered May 18, 1925,
upon findings in favor of defendants in an action on
contract, tried to the court.  Affirmed.

*Johnson & O'Connor,* for appellants.

*P. D. Smith,* for respondents.

ASKREN, J.—Plaintiffs instituted this action to re-
cover upon a contract for the repurchase of certain
property.  From a judgment of the court rendered in
defendants' favor, this appeal is prosecuted.

In September, 1919, appellants and respondents en-
tered into a contract for the exchange of their respec-
tive properties, the appellants transferring certain
real and personal property in Okanogan county in con-
sideration of the sum of $27,500, and the respondents
paying therefor by the transfer of two hundred eighty

[1]Reported in 242 Pac. 11.

acres of land in the Whitestone Irrigation district, of the value of $8,400, the balance being represented by cash and mortgage. Respondents agreed in the contract that,

"The buyer agrees that the Whitestone Irrigation Project shall be constructed so that irrigation waters shall be available for the 280 acres herein agreed to be transferred to the sellers, within five years after the said November 1, 1919, and that as to any portion of such acreage for which water is not so available the buyer will purchase such lands from the sellers for the sum of twenty dollars per acre, if the said sellers have not disposed of said lands prior to the said time limit; that demand to require the buyer to repurchase any of said lands shall be made within sixty days after the expiration of said five year period."

At the expiration of the five-year period, water from the Whitestone Irrigation Project was not available for the two hundred eighty acres, and demand was made for the repurchase at $20 per acre in the sum of $5,600 within the sixty days provided for in the contract. Answering this contention, respondents claimed there had been a substantial performance of the contract, and set up a counter-claim charging fraud in the execution of the contract in question, in this: that appellants had represented to respondents that the Okanogan property transferred to respondents had first right to the waters of Antwyne Creek in Okanogan county, excepting water for 14 acres of land owned by one Louie Antwyne and situated on said creek above the lands of appellants: that it was represented that the waters of such creek sank on the upper portion of appellants' land, and did not come to the surface in said creek for more than half a mile below the lands of appellant; that certain Indian allotments owned by Paul Antwyne and Dan Pierre and Katherine Antwyne were not riparian to such creek, and had no water right therefrom, except-

ing a small amount of the flood waters in the early part of the season; that the representations were false, and that more than one-half of the waters were owned by certain Indians, Louie, Paul, and Katherine Antwyne, and Dan Pierre; that such rights were thereafter adjudicated by the Federal court in 1921, and that the lands of appellants so transferred to respondents were worth ten thousand dollars less by reason thereof, and asked for judgment in that amount.

To this counter-claim, appellants set up by way of reply the statute of limitations, alleging that more than three years had elapsed since knowledge of the fraud, if any, had come to respondents. A demurrer was filed to the plea of the statute of limitations, which the court overruled, with the provision that there should be stricken from the counter-claim of respondents their prayer for judgment in the sum of ten thousand dollars. The court's holding was that no affirmative relief could be granted to respondents because of the statute of limitations, but that the statute did not apply to recoupment to the extent demanded in appellant's complaint.

The court found that there had been substantial performance of the contract whereby the land in the Whitestone Irrigation Project was guaranteed to have water available by November 1, 1924, but that the doctrine of substantial performance did not apply; found that appellants had made false representations as to the water rights of the land in question, and that the value of the Okanogan county land was $8,000 less by reason thereof; and allowed recoupment to the extent of $5,600 found due appellants under the complaint, and dismissed the action. Appellants, being satisfied with the court's finding that the $5,600 was due them under their complaint, assigned as error, first, that the court erred in finding that there had been false representations

made as to the water right upon the Okanogan county lands.

[1] It is urged that no representations were made by appellants as to the water rights that belonged to the land; that appellants did not know what their water rights were, refused to guarantee any, and suggested to respondent that an attorney be consulted concerning the matter.

The evidence of respondents, however, was that, while appellants did not guarantee the water right and did not know the law upon the question, they represented to respondents that the waters of Antwyne Creek disappeared below the surface upon the land in question, and followed a subterranean channel for some half mile below the land in question; that, at the time in question and for many years prior thereto, appellants had filled up the channel of the creek and had constructed an irrigation ditch for the carrying of the waters; that respondents knew of certain creeks that disappeared underground, coming to the surface at points further on in their course, and that respondents had no knowledge of the fact that the channel of the creek had been filled by appellants. These facts were stated to an attorney who advised them that the lands belonging to the Indians in question did not have riparian rights to water from the creek. It will thus be seen that the charge of fraud was not based upon the question of what water rights belonged to appellants, as a matter of law, but upon the misstatements of facts concerning water flowing in the bed of the stream which would give other parties riparian rights thereto.

We have carefully read the record in this connection and, while there was substantial evidence on both sides, we cannot say that it preponderates against the findings of the trial court.

[2]   It is next urged that the statute of limitations should have been applied to the claim for recoupment.

In *State ex rel. American Freehold-Land Mtg. Co. v. Tanner,* 45 Wash. 348, 88 Pac. 321, we held that an equitable defense to an action is not barred by the statute of limitations, and that, so long as the cause of action survives, an equitable defense thereto should survive also.   This rule is sustained by many authorities.   The rule for applying the three-year statute of limitations to actions based upon fraud applies to counterclaims where it is sought to obtain affirmative relief, but, where suit is brought upon a contract, recoupment arising out of the same matter can be allowed to the extent of the relief demanded by plaintiffs, even though an independent action upon the ground of fraud could not be maintained because of the statute. Appellants do not deny the general rule, but seek to find a distinction in the claim that the agreement to repurchase the two hundred eighty acres of land at $20 per acre was an independent part of the contract, and would prevent recoupment for fraud as to any matter excepting the two hundred eighty acres.   But we think the contract is an entirety, at least so far as the question of consideration goes.   The consideration for the agreement to repurchase the two hundred eighty acres in question was the transfer of certain property.   The transfer was alleged to have been secured by fraud. Therefore the consideration given for the agreement to repurchase at least partially failed.

This question has been well stated in *In re Cover's Estate,* 188 Cal. 133, 204 Pac. 583:

"While it is the rule generally that a cause of action grounded in fraud must be instituted within three years from the time of the discovery of the fraud, that rule does not apply to a defense interposed upon the ground of fraud in a case where it is affirmatively sought to

have declared valid and enforceable a contract claimed to have been conceived and consummated in fraud. In such a case neither the limitation of the statute nor the doctrine of laches will operate to bar the defense of the invalidity of the agreement upon the ground of fraud, for as long as the plaintiff is permitted to come into court seeking to enforce the agreement, the defendant may allege and prove fraud as a defense. In short, it is not incumbent upon one who has thus been defrauded to go into court and ask relief, but he may abide his time, and when enforcement is sought against him excuse himself from the performance by proof of the fraud.''

The fraud which the court found resulted in the acceptance of the Okanogan county property was the consideration, and arose out of the same' contract upon which this suit is brought. We think it plain, therefore, that the court committed no error in allowing recoupment to the extent found due upon appellants' complaint.

The judgment is right and it is affirmed.

TOLMAN, C. J., FULLERTON, and MAIN, JJ., concur.

HOLCOMB, J. (dissenting)—In my opinion as to the facts concerning representations controlling the matter of water-rights, appellants guarded carefully against any affirmative representations likely to deceive, and put respondents entirely upon inquiry.

There was, therefore, no actionable deceit.

On that portion of the decision, I must dissent.