[No. 20858. Department Two. November 22, 1927.]

J. C. FELTHOUSE & COMPANY, *Respondent*, v. B. F. BRESNAHAN *et al., Appellants.*[1]

[1] LIMITATION OF ACTIONS (83)—PLEADING—MATTERS AVOIDING BAR—DISCOVERY OF FRAUD. Where an answer to a cross-complaint on the ground of fraud alleged that the cross-complaint had not been commenced within the time limited by law, evidence of excusatory facts to show a reason for failure to learn the fact of fraud sooner is not admissible, in the absence of an allegation thereof.

[2] SAME (27)—SET-OFF AND COUNTERCLAIM—RECOUPMENT. While a cross-complaint may be barred by the statute of limitations as to any affirmative relief, evidence in its support is admissible in defense of the plaintiff's cause.

[3] LIMITATION OF ACTIONS (88)—PLEADING (33)—PRAYER FOR JUDGMENT—PLEADING STATUTE AS DEFENSE—SUFFICIENCY OF DENIALS. Where part of the prayer of a cross-complaint, which was outlawed, is for dismissal of the action, a demand for damages and failure to ask recoupment to the extent of plaintiff's claim, does not affect defendant's right to assert it as a defense.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered June 1, 1927, upon the verdict of a jury rendered in favor of the plaintiff by direction of the court. Reversed.

*G. E. Lovell* and *C. T. McDonald,* for appellants.

*Hildebrand & Warren* and *Cannon & McKevitt,* for respondent.

ASKREN, J.—Plaintiff brought this action to recover approximately seven thousand nine hundred dollars, with interest, alleged to be due on two notes given by defendants. Answering the complaint, execution of the notes was admitted; but by way of cross-complaint, it was alleged that the notes were renewal notes given as part of the purchase price of certain real

[1]Reported in 260 Pac. 1075.

estate; that the purchase of the real estate was made
because of certain representations as to the character
of the property which were false and untrue, and that
knowledge of the fraud had come to defendants within
three years last past. Then followed a prayer that the
plaintiff's cause of action on the notes be dismissed,
and also that the defendants recover damages in the
sum of thirty thousand dollars.

The answer to the cross-complaint put the matters
alleged therein in issue, and further set up that the
action laid in the cross-complaint had not been begun
within the time limited by law.

Upon trial of the action, after plaintiff had intro-
duced its evidence, the defendants sought to offer evi-
dence conforming to its cross complaint, whereupon the
plaintiff objected on the ground that no excusatory
facts were pleaded to show a reason for failure to
learn the facts concerning the fraud sooner. The court
sustained the objection. No motion was made to amend
the pleadings, and the jury were directed to return a
verdict for the plaintiff. This appeal resulted.

[1] It is urged that the court erred in sustaining
the objection to the evidence under the cross-complaint.
In part, the ruling of the trial court was correct. No
excusatory facts being set out in the complaint, and
no request being made to amend, it is clear that ap-
pellants were not entitled to recover against the re-
spondent on a cause of action for fraud. *Noyes v.
Parsons,* 104 Wash. 594, 177 Pac. 651; *Davis v. Rogers,*
128 Wash. 231, 222 Pac. 499.

[2] But this could not affect the right of appellants
to offer evidence as to the fraud in defense against the
notes; the rule being that the statute of limitations
never runs against a defense arising out of the trans-
action sued upon by the plaintiff. The defendant in
such an action may be barred by the statute from se-

curing damages by reason of the fraud, but he can always offset the damages to the extent of the claim of the plaintiff. *Fruit v. Fancher,* 137 Wash. 311, 242 Pac. 11.

[3] Respondent admits the rule of *Fruit v. Fancher, supra,* but contends that, because the appellants did not in their answer ask for recoupment to the extent of respondent's claim, but prayed for damages far in excess of that sum, they cannot recover. However, it must be borne in mind that the prayer was two-fold; the first part being that respondent's cause of action be dismissed. If respondent had demurred to the cross-complaint the court would, no doubt, upon hearing, have stricken the prayer for damages in the sum of thirty thousand dollars, but allowed the claim of fraud to stand as a defense to the notes. This was the procedure followed in *Fruit v. Fancher, supra.*

The judgment is reversed, with instructions to grant a new trial.

MACKINTOSH, C. J., FRENCH, FULLERTON, and MAIN, JJ., concur.