[No. 25173.   Department One.   November 30, 1934.]

*In the Matter of the Estate of* SARAH SMITH, *Deceased.*
IRA L. SMITH, *Appellant,* v. ENNIS I. SMITH,
*as Administrator, Respondent.*[1]

*John H. Binns,* for appellant.
*Weaver & Weaver,* for respondent.

TOLMAN, J.—The administrator of the estate of Sarah Smith, deceased, in the regular course of administration, filed an inventory in which he listed as assets of the estate three certain promissory notes

[1]Reported in 38 P. (2d) 244.

aggregating, with interest, upwards of eleven thousand dollars, made by Ira L. Smith and payable to Sarah Smith. These notes were barred by the statute of limitations prior to the death of Sarah Smith, and they were inventoried with the asserted intent and purpose on the part of the administrator of retaining the amount due thereon out of the distributive share of the estate which would pass to Ira L. Smith as an heir at law of the decedent. The notes were appraised at face value "for offset purposes."

In due time, the administrator filed his final account and petition for distribution, wherein he again listed these notes and asked the order of the court directing him to retain the amount due thereon out of the distributive share coming to Ira L. Smith. After notice and a full hearing, the trial court in its decree of distribution so ordered, and Ira L. Smith has appealed from that part of the decree which charges the full amount due on these notes against his distributive share of the estate.

A motion to dismiss the appeal has been interposed, but the conclusion we have reached upon the merits leads us to pass the question without comment or decision.

The errors assigned all present the single question of whether a debt due from an heir of the deceased, barred by the statute of limitations prior to the death of the ancestor, may be retained and offset against the heir's distributive share of the estate.

There seems to be no doubt that such is the rule in England, and the common law right of retainer in such cases is supported by the weight of authority.

"It is a recognized doctrine of the common law that distributive shares due an heir or legatee from the personal estate of a decedent may be retained and applied by an executor or administrator in payment of a debt due the estate by such heir or legatee. Except

where the indebtedness may be held to be an advancement, the amount of the debt is to be deducted from such heir's legacy, or distributive share of the estate. In making such deduction it is immaterial whether or not such debts are barred by the statute of limitations; . . ." 11 R. C. L. 245.

Excepting the question raised by the statute of limitations, this court has recognized the common law right of retainer in such cases. In *Boyer v. Robinson,* 26 Wash. 117, 66 Pac. 119, in discussing the right of an executor to retain the debt due from a devisee, it was said:

"It seems apparent that before the devisee can have a distributive interest in the estate his debt due the estate must be settled. The interest of the devisees cannot be distributed until the assets of the estate are determined."

This ruling was recognized and approved in *In re Braden's Estate,* 122 Wash. 669, 211 Pac. 743.

Since we have already adopted the common law rule recognizing the right of retainer, it seems necessary to now inquire whether there is anything in our statute of limitations, as heretofore construed, which will prevent the application of the rule in its full vigor, although the debt has been barred by the statute.

Rem. Rev. Stat., § 155 [P. C. § 8160], reads:

"Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute; but the objection that the action was not commenced within the time limited can only be taken by answer or demurrer."

The sections which follow fix the time within which various actions may be commenced. No word or sentence in any statute conveys the idea that the debt is

to be extinguished by reason of the expiration of the right to sue.

Corpus Juris says:

"Except where the statute by its terms absolutely extinguishes the debt or demand itself, the general rule with respect to debts or mere money demands is that statutes of limitation are regarded as barring the remedy, and not as extinguishing the cause of action." 37 C. J. 698.

The same rule is recognized in 17 R. C. L. 666. This court has frequently followed that rule. *Buck v. Equitable Life Assurance Society of the United States,* 96 Wash. 683, 165 Pac. 878; *Fruit v. Fancher,* 137 Wash. 311, 242 Pac. 11; *Felthouse & Co. v. Bresnahan,* 145 Wash. 548, 260 Pac. 1075.

The appellant seems to recognize no difference between the legal defense of set-off and the equitable doctrine of retainer, and relies very strongly upon our case of *Legal Adjustment Bureau v. West Coast Construction Co.,* 162 Wash. 260, 298 Pac. 429.

The two rules rest upon very different foundations, and though they may seem to bring the same results, yet actually they have nothing in common.

"Such a retainer is not a set-off, although it is sometimes termed such, but is an exercise of the right of the representative to apply the funds in his hand to the payment of a debt due from the distributee to the estate." 24 C. J. 489.

The *Legal Adjustment Bureau* case was an action at law in which the defendant sought to set up a demand in his favor which had been barred by the statute before the action was commenced. The statute considered was Rem. Rev. Stat., § 266 [P. C. § 8353], relating to set-offs in actions at law. That section, in effect, provides that, to constitute a set-off, a cause of action in favor of the pleader must have existed at the time the action against him was commenced; or, in

other words, the defense of set-off is in the nature of a plea in confession and avoidance, and amounts to the bringing forward of one right of action against another, to the end that one shall cancel the other, in whole or in part, and that both shall be adjudicated and satisfied. Consequently, it is essential, under the statute, that the set-off must be one upon which a cause of action exists when the suit is commenced. The *Legal Adjustment Bureau* case so holds, and nothing more, and therefore it has no bearing upon the question of the equitable right of retainer here asserted.

"The cases are in conflict upon the question whether there is a right of retainer in respect of debts which have become barred by the Statute of Limitations. The weight of authority, however, is to the effect that the amount of the statute-barred debt may be applied by the executor, or administrator, in satisfaction of the debtor's legacy, or distributive share. This is upon the theory that the Statute of Limitations bars only the right of action, and not the debt itself, and therefore that, where property of the debtor comes into the hands of the creditor, the statute does not preclude his appropriating such property to the payment of the debt." 1 A. L. R. 1007.

Some of the many cogent reasons for the rule more fully appear in the language which we now quote:

"It may be conceded that no statute can be cited, directly authorizing the action asked for in this case, but it does not follow that the court in equity is without power of action in the premises. Having now full equity powers the court can do and compel equity in any case except where restrained by some statute or positive rule of law.

"The right of an executor or administrator to retain a legacy or distributive share from a debtor to the estate and apply it to the indebtedness has long been recognized by the law as existing without any statute. It is not the technical right of set-off in actions at law. It is rather called in the old cases the right of retainer.

It is an equitable right of its own nature, and not at all dependent upon any statute. It is the plain, moral as well as legal duty of the debtor to pay his debt to the estate. He has had the value from the estate. He ought in morals and law to restore it. It needs no statute to affirm this duty. It is self-evident.

"The right of a legatee or an heir in the estate of a decedent is not self-evident nor equitable. He has paid no value for it, has not earned it. It is a matter of grace. To make it a legal right needs statute affirmation, and without a statute or some positive rule of law the right would not exist. That the legatee or heir should fulfill his obligations to the estate before receiving the bounty of the decedent is clearly equitable. It is an equity which the court can enforce." *Webb v. Fuller,* 85 Me. 443, 27 Atl. 346, 22 L. R. A. 177.

We may not take space in which to quote the language of other courts equally convincing, but must content ourselves with the mere citation of the following from among the many cases which follow the majority rule. *Distributees of Knight v. Godbolt,* 7 Ala. 304; *Jordan v. Jordan,* 201 Ill. App. 44; *Holmes v. Mc-Pheeters,* 149 Ind. 587, 49 N. E. 452; *In re Monahan's Estate,* 190 Ia. 578, 180 N. W. 644; *Wilson v. Channel,* 102 Kan. 793, 175 Pac. 95, 1 A. L. R. 987; *In re Lindmeyer's Estate,* 182 Minn. 607, 235 N. W. 377; *In re Reiser's Estate,* 57 Utah 434, 195 Pac. 317; *Tinkham v. Smith,* 56 Vt. 187; *Lockerby v. Sawyer,* 220 Mich. 147, 189 N. W. 989; and *United Cigarette Machine Co. v. Brown,* 119 Va. 813, 89 S. E. 850.

The contrary or minority rule is strongly supported by courts which are entitled to great respect. Among the authorities which follow this rule are: *Richardson v. Keel,* 77 Tenn. 74; *Light's Estate,* 136 Pa. 211, 20 Atl. 536; *Boden v. Mier,* 71 Nebr. 191, 98 N. W. 701; *Greene v. Greene,* 145 Miss. 87, 110 So. 218, 49 A. L. R. 565; *Kimball v. Scribner,* 161 N. Y. Supp. 511; *Allen v. Edwards,* 136 Mass. 138; *Luscher v. Security Trust*

*Co.,* 178 Ky. 593, 199 S. W. 613; and *In re Cates' Estate,* 195 Cal. 319, 232 Pac. 972.

The common law is the rule of decision in this state and the common law recognizes the right of retainer as applied by the trial court in this case. Moreover, the reasons underlying the rule appear to us to be just and equitable, and we therefore adopt the majority rule.

The judgment is affirmed.

BEALS, C. J., MAIN, MILLARD, and BLAKE, JJ., concur.