[No. 28617. Department One. July 17, 1942.]

NATHAN E. BLODGETT, *Appellant,* v. IRA D. ORTON, *Individually and as Administrator, Respondent.*[1]

[1]Reported in 127 P. (2d) 671.

*Patterson & Patterson,* for appellant.

*Ernest B. Herald,* for respondent.

MAIN, J.—In this action, the plaintiff sought a declaratory judgment, and also equitable relief. To the complaint, a demurrer was interposed and sustained. Later, the plaintiff tendered an amended complaint, which the court refused on the ground that it was not materially different from the original complaint. From the judgment entered dismissing the action, the plaintiff appealed.

The facts stated in the complaint, which is long and a little involved, so far as material here, will be summarized. Josephine V. Blodgett, a resident of the state of New York, died testate October 26, 1924. In her will, she named one Frank J. Maguire as executor and trustee. After making certain bequests, the will provided that the assets of her estate, which were considerable in amount, were to be divided into two parts, one of which was to go to Gertrude B. Blodgett in trust, with the provision that she should receive the income therefrom until she became sixty years of age, and then she would be entitled to the property as her

own. There was a further provision that, if she died before she reached that age, then the trust estate should be divided into three equal parts, one of which was to go to Nathan E. Blodgett, the appellant in this case, and the other two parts to two sisters of his. Subsequent to the execution of Mrs. Blodgett's will, Gertrude B. Blodgett became Mrs. Zulauf, and she died before she attained the age of sixty years.

March 15, 1926, the appellant gave Mrs. Zulauf a note in the sum of three thousand dollars, which was payable at sight after date, with interest at six per cent per annum from date until paid. The interest on this note was paid to April 24, 1928.

February 16, 1934, Frank J. Maguire, having been appointed executor and trustee of the will of Mrs. Zulauf, wrote the appellant that he was then preparing to close the estate of Mrs. Blodgett, and suggested to him that he be authorized to settle the note which the appellant owed Mrs. Zulauf by deducting from the Blodgett estate the amount due on the note. To this letter the appellant replied:

"Your letter of February 16th at hand, regarding the note. You are hereby authorized to deduct the amount of the note from my share of the estate of Josephine V. Blodgett."

April 3, 1934, Maguire again wrote the appellant and suggested a renewal note, which the appellant did not sign. In the course of his letter in reply, the appellant stated that he had "already authorized taking out of my share of the estate the amount of the note." Subsequent to this, Thomas R. Lyons, a resident of Seattle, was appointed administrator *de bonis non* with the will annexed of the estate of Mrs. Zulauf, and the note and the letters above mentioned were sent to him. Thereafter, he brought an action upon the note. The defendant, Nathan E. Blodgett, the appellant here, denied

liability upon the note, and pleaded affirmatively the statute of limitations and fraud. During the progress of the proceedings, Mr. Lyons died, and Ira D. Orton was appointed administrator *de bonis non* with the will annexed of the estate of Mrs. Zulauf, and was substituted as party plaintiff in the action. Before the case came on for trial, the action was dismissed by the plaintiff. Sometime later, the present action was brought for the purpose of obtaining a declaratory judgment, and also equitable relief, as above appears.

Section 11 of chapter 113, p. 307, Laws of 1935 (Rem. Rev. Stat. (Sup.), § 784-11 [P. C. § 8108-31]), which is known as the declaratory judgment law, provides that:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . . ."

It will be noticed that an action for a declaratory judgment will not lie unless all the parties whose interests would be affected by the judgment and whose rights would be prejudiced thereby are made parties to the proceeding. Inquiry must be then directed as to whether any of the parties in New York have rights which would be affected in any way by a declaratory judgment, to the effect that the note be canceled and declared to be of no further effect.

From the facts stated, it appears that, when Mrs. Zulauf died, her trust estate went to the appellant and two of his sisters. If the note was canceled, it would, to the amount of the face thereof and interest, reduce the amount of the trust estate of Mrs. Zulauf, and would thereby reduce the amount that the two sisters of the appellant would receive from that estate. The trustee under that will was not a party to the

present proceeding; neither were the two sisters of the appellant. The appellant was not entitled to a declaratory judgment canceling the note.

It is said, however, that the statute of limitations had run against the note, and, therefore, there would be no prejudice. Admitting, without deciding, that the statute of limitations had run against the note, nevertheless the amount thereof could be offset against the amount which the appellant would receive under Mrs. Zulauf's will, because the general rule is, with respect to debts and money judgments, that a statute of limitations bars the remedy, but does not extinguish the debt. *In re Smith's Estate,* 179 Wash. 417, 38 P. (2d) 244; *In re Tibbits' Estate,* 9 Wn. (2d) 415, 115 P. (2d) 381.

Coming now to the matter of equitable relief, the appellant sought a decree in equity canceling the note and prohibiting further proceedings thereon. The rule of equity in such a case as this is substantially the same as that contained in section eleven of the declaratory judgment law, above referred to. In equity, as stated in 12 C. J. S. 1027, § 52:

"All persons whose rights, interests, or relations with or through the subject matter of the suit would be affected by the cancellation or rescission are proper and necessary parties in order that they may have an opportunity to be heard; and unless they are made parties the court is precluded from rendering a judgment or decree of cancellation."

The appellant was not entitled to equitable relief.

The holding in the case of *Northern Pac. R. Co. v. Richey & Gilbert Co.,* 132 Wash. 526, 232 Pac. 355, is not applicable to this case, because the facts in that case were entirely different.

The appellant says that he was induced by fraud to authorize the payment of the note out of in-

terest coming to him from the Blodgett estate. It is true that he alleged fraud in his complaint, and that the demurrer to it would admit all the facts in the complaint which were well pleaded. The basic ground of the charge of fraud, as it appears to us, was that Maguire had misrepresented to the appellant the condition of Mrs. Blodgett's estate, as to its being ready for distribution, and that Maguire had mismanaged that estate over a period of years, resulting in a depreciation thereof and a benefit to himself.

To determine the question of fraud would require an accounting in the estate, of which the courts of this state have no jurisdiction, because the jurisdiction over the administration proceedings was in the courts of the state of New York. Further than this, the proceeding in this state was ancillary to the administration of the estate of Mrs. Zulauf in the state of New York, and it seems clear that service of process upon the administrator *de bonis non* in this state could not confer jurisdiction upon the courts here in any matter concerning the Blodgett estate.

The suggestion, rather than the contention, in the appellant's brief, to the effect that proceedings were about to be begun in the state of New York concerning the note and that the appellant was in poor health and could not make the trip back there to defend, does not appear to us to be at all material.

The judgment will be affirmed.

ROBINSON, C. J., MILLARD, SIMPSON, and DRIVER, JJ., concur.