* Wilde, J.,
delivered the opinion of the Court. The question now to be determined is, whether the indenture set forth in the second plea at bar is sufficient to preclude the recovery, by way of estoppel. It was settled in the case of Hastings vs. Dickinson & Ux., cited by the counsel for the demandant, that a like indenture or marriage-settlement would be no bar of dower at common law, or by the statute of 27 Hen. 8, c. 10. Nor could it operate as a release, because the release of a demand not in existence is void. These points were decided upon principles which, we think, cannot be controverted. It was argued, in that case, that the marriage-settlement might operate by way of estoppel; but this part of the argument was not noticed by the chief justice in deliv *104 ering the opinion of the Court; although we cannot suppose if escaped their observation, in making up their judgment. If that case, therefore, was rightly determined, it is sufficient to -settle the present question; for it is impossible to perceive any material distinction between the two cases.
“ Estoppel is so called,” says Lord Coke, “ because a man’s act or acceptance stoppeth or closeth up his mouth to allege or plead the truth.” (5) And all the cases collected to illustrate the principles of estoppel will serve ■ to show that this may be considered as a sufficiently comprehensive definition of the term. It is a restraint, or impediment, imposed, by the policy of the lay/, to preclude a party from averring the truth.
But no case has been cited, and none can be found, I trust, to show that a party may be restrained, by way of estoppel, from maintaining an action, although it be in violation of an executory covenant. It is true that such a covenant may operate as a rebutter ; as in the case of a release, by the son, of lands in which he has no right, with warranty, to the disseisor of the father. This warranty shall rebut and bar him and his heirs, in an action, after the death of the father, against the disseisor. (6) And the reason given by Lord Coke why a warranty, being a covenant * real, shall bar a future right, is for avoiding circuity of action; as, otherwise, he that made the warranty should recover the land against the terre-tenant; and he, by force of the warranty, to have as much in value against the same person.
If the demandant’s covenants be viewed in this light, the second plea of the tenants is not strictly formal. We have, however, considered the .question whether they may avail by way of rebutter. It is objected that they have been extinguished by the marriage; but this objection does not appear to be well supported. The general principle is, that those contracts only are thus extinguished, which may, by possibility, be enforced or performed during the marriage. In the case of Gage vs. Acton, (7) it was ruled that a bond from husband to wife, made before marriage, with condition to leave the wife £1000 in case she survived him, was not extinguished by the intermarriage ; it being a debt upon a contingency which could by no possibility happen during the coverture. Lord Holt held that it was a present debt, and that the condition made no alteration; and, therefore, that the debt was extinguished. But he admitted that a covenant or promise, in the words of the condition of the bond, would not have been extinguished by the marriage. This case seems to have been determined upon sound principles, and is sup* *105 ported by numerous authorities. We consider, therefore, the law to be well settled that a provision made for the wife, in contemplation of marriage, which, by the terms of it, is not to take effect until after the death of the husband, is not extinguished by the subsequent marriage.
But, although we cannot consider the covenants in this case as extinguished, yet, if the consideration has failed, (a) in whole or in part, they cannot operate to rebut the demandant’s right of dower And any inequality between the value of the dower and the sum in which the demandant is liable on her covenants, is sufficient to show that a principle, founded on the inconvenience arising from circuity of action, is not applicable to the case.
* If there be a covenant that the obligee shall not put the bond in suit at any time, such covenant is pleadable in bar as a release ; because, in effect, it is so. But where the covenant is, that it shall not be put in suit within a limited time, a breach thereof cannot be pleaded in bar of the bond. And the reason is that, the damages for the breach of the latter covenant being uncertain, and not being determined by the amount of the bond, the principle of circuity of action is not applicable. Such covenant, therefore, will not rebut the obligor’s action on the bond ; although the bringing of the action may be as much a breach of such covenant as of a perpetual .covenant. (8) So, where there are reciprocal covenants in the same deed, depending on the same rule of damages, one covenant may be pleaded in bar to another, to avoid circuity of action. But where the covenants are distinct and independent, they cannot be so pleaded; for the damages may not be commensurate, and each party must recover against the other separate damages, according to the justice of the case. (9)
From tnese principles it is manifest that, if the annuity has not been paid, and the security has failed, the demandant’s covenants cannot be set up, to rebut her claim of dower; because there is a saving clause in the indenture, by which she excepts her right to the annuity from the effect and operation of her covenants, which was probably intended to operate as a charge upon the real estate in the event of such failure. But if there had been no such exception, yet, if the consideration has failed, her covenants cannot operate
*106 as an estoppel or rebutter; for either they do not bind at all, or al most she would be liable only, in an action of covenant, for the difference between the value of the dower and the annuity.
Confining ourselves to the present plea, we cannot determine how these facts are. The tenants have not averred performance of the covenants of their ancestor on their part; and, according to the rules of pleading, such an averment would have been improper in a plea of estoppel.
* In their other plea, the tenants will have the benefit of investigating these facts, if they should operate in their favor ; as to which we cannot now form an opinion. But the second plea is clearly insufficient, (a)

 Co. Lit. 352, a.

 Co. Lit. 265 a.

 1 Salk. 325.

 A deed without any consideration is valid between the parties, and at common law, (4 Cruise, Dig. 2;) but equity will not carry it into execution unless supported by some consideration. Fonb. Equity, b. 1, c. 5, 339—370. The want or failure of consideration cannot be set up at laxo to defeat a specialty. Vrooman vs. Phelps, 2 Johns R. 177. — Dorman vs. Sammis, 2 Johns. R. 179. — Parker vs. Parmele, 20 Johns R. 130.

 Bog. Abr. Covenant L. Carth. 64.

 3 Lev. 41. —1 Lev. 16. ■—Bao. Abr. Covenant L.

 Any provision, however inadequate or precarious it may be, for which a woman contracts, and which she, before marriage, being of age, agrees to accept in lieu of her dower, will in equity be a valid jointure, or operate as a bar to dower. Classey, p. 221, 4 Br. Ch. 515. — Walker vs. Walker, 1 Ves. Sen. 54. — Davilla vs. Davilla, 2 Vern. 724. — Drury vs. Drury, 2 Eden. 39. — Gladstone vs. Ripley, 2 Ed. 59.— Creswoell vs. Byron, 3 Br. Ch. 362. — Estcourt vs. Estcourt, 1 Cox, 20. — Lord Buckinghamshire vs. Drury, 2 Eden. 68. From the cases above cited, it appears that the form of the instrument is immaterial; a covenant or bond to pay a sum of money or an annuity not-charged upon any lands, will operate as a bar of dower, if such was the intention. And it is not necessary that this intention be expressed in the instrument in terms, if it can be inferred from any circumstances. See M'Carty vs. Teller & Wife, 2 Paige, 511.