### SAMUEL PHILLIPS *vs.* THE SUN DYEING, BLEACHING, AND CALENDERING COMPANY.

A lease of factory property contained a proviso that "in case the buildings on said premises or any part thereof shall be destroyed or damaged by accidental fire or other unavoidable casualty so that the same shall be rendered unfit for use and occupation, then; and in such case, the rent reserved, or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be abated until the said premises shall have been duly repaired and restored by the lessor, his heirs, and assigns." Two steamboilers upon the leased premises, while in use under a low steam pressure, and with a moderate fire, gave way so completely, that they had to be replaced by others, and the factory could not be run for three weeks, until they were replaced. *Held,* the lease containing no covenant on the part of the lessor to repair the boilers, that he would not be liable for any of the expense of replacing them, unless by virtue of some promise to that effect made outside the lease, and that a liability thus incurred could not be set up by way of recoupment against an action for the rent accruing under the lease, but that the lessees must sue the lessor in a separate action.

*Held, further,* that the rupture of the boilers was an "unavoidable casualty," within the meaning of the proviso of the lease, and that the lessees were therefore entitled to an abatement of the rent during the three weeks spent in replacing them.

DURFEE, J.    These are actions of covenant for nine months' rent of a certain estate and factory, known as the Woodville Estate and Mill, and of the buildings, fixtures, and machinery appertaining thereto, occupied by the defendants under an indenture of lease. The actions are tried to the court, the pleas being the general issue, with an agreement that the defendants shall have the benefit of all matters of defence in like manner as if they were specially pleaded, and that the plaintiff shall be entitled to meet said defences as if under special pleading.

The defendants admit their occupation of the premises under the lease, but claim by way of recoupment to reduce their liability for the rent. The lease provides that " in case the building on said premises, or any part thereof, shall be destroyed or

damaged by accidental fire or other unavoidable casualty so that the same shall be rendered unfit for use and occupation, then and in such case the rent reserved or a just and proportionate part thereof, according to the nature and extent of the injury sustained, shall be abated until the said premises shall have been duly repaired and restored by the lessor, his heirs, and assigns." The defendants submit evidence, which is uncontradicted, to the effect that there were upon the premises two steam-boilers, used to generate the motive power of the factory; that during the nights of August 9th and 10th, 1872, these boilers, while in use with a moderate fire, and under a low pressure of steam, gave way so completely that they had to be replaced by others; that for about three weeks until they were so replaced, the factory necessarily ceased to run; that the plaintiff, being notified, conferred with the defendants, who took the ground that the plaintiff was bound to replace the broken boilers with new or second hand boilers; that the plaintiff expressed the opinion that he ought not to pay the whole expense of doing this, but said he would pay his share, or would do what was right; that the result of the conference was a decision to have new boilers, to be procured by the defendants, the plaintiff manifesting much interest in their procurement, and going with the defendants at first in search of them; and that accordingly the defendants, relying upon the promises of the plaintiff to pay his share, but without any definite contract as to what that share was to be, did procure new boilers and have them set at an expense of $6,007.06. They claim that in view of the aforesaid proviso in the lease, and of the plaintiff's promise, the plaintiff is bound to pay a fair proportion of that expense, and that they are entitled to have such fair proportion applied by way of recoupment to reduce the rent to be recovered in these actions.

The plaintiff contends that the evidence shows that the rupture of the boilers was not an unavoidable casualty, such as would exempt the defendants under the proviso in the lease from the payment of rent, but a giving way or collapse of the boilers because they were worn out; and, without admitting his liability in any form, he further contends that, if the liability does exist, it can only be enforced in a separate action, and cannot be set up to defeat or redress his claim in these actions.

The lease contains no covenant on the part of the plaintiff to repair the boilers, and therefore, even if their rupture was a casualty within the proviso, he could not have been required to replace them, the only effect of his refusal so to do being forfeiture of the rent. If, then, he is liable at all for any portion of the expense of replacing them, he is liable for it not under the lease, but by virtue of his promise to share the expense of replacing them. Can a liability thus incurred, by a promise outside the lease, be set up by way of recoupment against an action for the rent accruing under the lease ? Recoupment is a reduction of the plaintiff's claim by a counter-claim in favor of the defendant, where the claim and counter-claim both grow out of the same contract or transaction. It is a proper defence where, through the plaintiff's fault, the defendant has failed to receive the full benefit of the contract on which the plaintiff is suing him, or where the defendant is entitled to damages from the plaintiff for fraudulent representations, made during the negotiation of the contract, in regard to its subject matter; *Burroughs* v. *Clancey*, 53 Ill. 30; *Whitney* v. *Allaire*, 1 N. Y. 305; but not where the defendant wishes to set off against the plaintiff's claim a liability of the plaintiff under a distinct and independent contract. *Batterman* v. *Pierce*, 3 Hill, 171; *Seymour* v. *Davis*, 2 Sandf. 239; *Deming* v. *Kemp*, 4 Sandf. 147; *Gibson* v. *Gibson*, 15 Mass. 106, 112; *Sawyer* v. *Wiswell*, 9 Allen, 39; *Whitbeck* v. *Skinner*, 7 Hill, 53. " The contracts or transactions," says Mr. Parsons in his work on Contracts (vol. 2, 5th ed. 741), " must be so connected as fairly to authorize the defendant to say that he does not owe the plaintiff, on that cause of action, so much as he seeks, and not that he ought not to pay the plaintiff so much, because on another cause of action the plaintiff owes him." The case at bar is not within the rule. The contract under which the defendant seeks to recoup is different from the contract on which the plaintiff seeks to recover, and, notwithstanding their relation to the same subject, there is no mutuality or reciprocity of obligation between them. We think, therefore, if the defendant wishes to oblige the plaintiff to pay his share of the expense of the new boilers agreeably to his promise, the defendant cannot do so by recouping the amount in this action, but must sue the plaintiff in a separate action.

The defendants also claim an abatement of the rent for the three weeks spent in replacing the broken boilers. They are entitled to such an abatement, if, within the meaning of the proviso, the rupture of the boilers was an "unavoidable casualty." The plaintiff contends that it was not a "casualty," but an occurrence in the natural course of things. We think, however, that we are to interpret the words, not according to their strict and philosophical signification, which might defeat the intention of the parties, but rather in conformity with their popular every-day acceptation, and that in accordance with such an interpretation, there was in the rupture of the boilers a degree of unexpectedness, as of something unforeseen and not contemplated in the making of the contract, which makes it proper to regard it as an unavoidable casualty within the meaning of the proviso. Therefore in giving judgment in the first of these actions we shall not charge the defendants for any rent during the time spent in replacing the boilers.

> *Judgment for plaintiff for amount claimed, less an abatement for the time the defendants were deprived of the use of the boiler.*