[No. 11035.   Department One.   October 7, 1913.]

SARAH E. SCOTT *et al.*, *Appellants*, v. EDWARD STARK *et al.*, *Respondents*, EMMA WATSON *et al.*, *Defendants.*[1]

HUSBAND AND WIFE—RIGHTS OF SURVIVOR—ESTATES LESS THAN $1,000—RELEASE—CONTRACTS—VALIDITY. A contract between a husband and wife providing that upon the death of either, the survivor shall not receive any right or interest in the separate property of the other, is to be strictly construed, and does not prevent a widow from taking advantage of Rem. & Bal. Code, § 1464, providing that estates of less value than $1,000 shall be set aside for the use and support of the widow and minor children; since the same is analogous to statutes providing for homesteads in property of deceased persons to prevent dependency, and cannot be abrogated by private contract; and since, in the case of real property, the wife's interest could be conveyed only by deed.

DESCENT AND DISTRIBUTION—ESTATES LESS THAN $1,000—RIGHTS OF SURVIVING WIFE—STATUTES—IMPLIED REPEAL. Rem. & Bal. Code, § 1464, providing for the setting aside of the whole of estates of less than $1,000 for the use and support of the widow and children of the deceased, was not impliedly repealed by the act of 1895, Id., § 528

[1]Reported in 135 Pac. 643.

*et seq.*, providing for the selection by the surviving spouse of a homestead of the value of $1,000 out of the real property of the deceased; since the acts are not repugnant and repeals by implication are not favored.

STATUTES—TITLE AND SUBJECTS—SCOPE. Rem. & Bal. Code, § 1464, providing for the setting aside of estates of less than $1,000 for the use and support of the widow and children of the deceased, is germane to the title of an act entitled "an act relating to proceedings in probate," and amending specified sections of the probate code, although the section amended was not enumerated in the title.

DESCENT AND DISTRIBUTION—PROVISION FOR SUPPORT OF WIDOW—TITLE TO ESTATE SET APART. Rem. & Bal. Code, § 1464, providing for the setting aside of estates of less than $1,000 for the use and support of the widow and children of the deceased, does not place any limitation on the power of sale, and an order setting the estate apart vests full title.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered November 6, 1912, dismissing an action in ejectment, on sustaining a demurrer to the complaint. Affirmed.

*H. J. Hibschman*, for appellants.

*William A. Greene*, for respondents.

CROW, C. J.—Appellants brought this action to recover an undivided three-sevenths interest in certain lands in Kitsap county which they allege was the separate property of their ancestor, John N. Perkins. John N. Perkins died in Kitsap county on June 10, 1903, leaving him surviving, Elise Perkins, his widow, who was appointed administratrix of the estate. The material facts relied on are as follows:

"That previous to the death of the said John N. Perkins, deceased, a written agreement was entered into by and between the said John N. Perkins, deceased, and his wife, Elise A. Perkins, to the effect that upon the death of either of them the survivor should not receive any right, title or interest whatsoever in any of the separate property of the other spouse.

"That on or about the 8th day of September, 1903, the said Elise A. Perkins caused an inventory to be made of the

said real estate and caused the same to be appraised at $900; that said appraisement was made fraudulently and for the purpose of defrauding the plaintiffs and a part of the defendants herein; and that $900 given as the value of the said land in said inventory was far less than its real valuation at said time, and that the said property at the said time was worth more than $1,500.

"That on or about the 23rd day of September, 1903, the said Elise A. Perkins filed in said court a petition asking that the real estate hereinbefore described be set aside to her as her sole and separate property on the ground that the same was worth less than $1,000 and on the further ground that she desired to claim the same as a statutory homestead; that the said Elise A. Perkins knew then that the said property was the separate property of the said decedent, but claimed the same as community property of the said decedent, and in her petition stated that she had an interest therein by virtue of its being community property and claimed the same as a homestead by reason of its status as such.

"That thereafter, on or about the 28th day of October, 1903, an order setting aside said property to said Elise A. Perkins was entered in said court, a copy of which is hereto annexed and made a part of this complaint marked Exhibit A.

"That John N. Perkins, deceased, did not, previous to the time of his death, file any declaration of homestead in the office of the county auditor of Kitsap county in relation to the real estate hereinbefore described and that the said Elise A. Perkins never at any time either before or after the death of the said John N. Perkins, deceased, filed any such declaration of homestead.

"That by reason of the facts hereinbefore alleged the said Superior Court of Kitsap county was without jurisdiction to make the order hereinbefore set forth and pleaded, and that said order is void and ineffective for any purpose whatsoever."

From a judgment sustaining a demurrer to the complaint, plaintiffs have appealed. The demurrer was properly sustained. Contracts of the kind alleged to have been made will be strictly scrutinized by the courts. The statute, Rem.

& Bal. Code, § 1464 (P. C. 409 § 323), is analogous to
statutes providing for homesteads in property of deceased
persons. Such contracts are not favored. If they are made
before marriage, it has been held that they are void because
there was nothing upon which the contract could operate
either as a release or a discharge. *Mann v. Mann's Estate*,
53 Vt. 48. While this ground may be questioned, the courts,
so far as they have passed on this subject, seem to be agreed
that the setting aside of homesteads, exemptions and similar
allowances, is a matter of public concern. Such statutes are
passed to prevent dependency. They are humane laws and
voice a sound public policy, and

"There are grave reasons why a law enacted from public
considerations should not be abrogated by mere private
agreement, and that it would be in contravention of the
policy of the law to permit a man, by an ante-nuptial agree-
ment, to relieve his estate from the operation of the statute
providing that an allowance should be made for the main-
tenance of his widow and minor children for a limited period,
and upon this reasoning we held that an ante-nuptial agree-
ment was inoperative as to the widow's award." *Zachmann v.
Zachmann*, 201 Ill. 380, 66 N. E. 256, 94 Am. St. 180.

"Homestead is a right secured by statute to every house-
holder having a family, and by a recent statute it is an
estate in the lot or land owned or occupied by such party.
It is continued, after the death of such householder, for the
benefit of the husband or wife surviving, so long as he or
she continues to occupy such homestead, and of the children
until the youngest child becomes twenty-one years of age.
The exemption is absolute, except it is alienated in the mode
prescribed in the statute, and no release of homestead is
valid unless by the parties intended to be benefited, in con-
formity with the law that confers power to alienate it at
all. The policy of the law is, as this court has had frequent
occasion to declare, to preserve the homestead for the benefit
of the family, as well as the householder himself. The statute
was no doubt enacted from motives of public concern, and
it is apprehended it is not in the power of the father and
mother, by an ante-nuptial agreement, to so provide as to

deprive their minor children of its benefits in case of their death." *McGee v. McGee*, 91 Ill. 548.

See, also, *Achilles v. Achilles*, 137 Ill. 589, 28 N. E. 45; *Phelps v. Phelps*, 72 Ill. 545, 22 Am. Rep. 149.

In *Mann's Estate, supra*, it is said:

"Neither can her covenant not to claim homestead, operate as an estoppel on her right of homestead. The plaintiff is claiming the homestead, which the statute vests in her. Her covenant not to do so is executory. A party cannot be restrained, by way of estoppel, from asserting a statutory right, because it is in violation of an executory covenant. Neither can such a covenant be set up, and given operation by way of rebutter, to bar the assertion of the homestead right of the plaintiff. *Gibson v. Gibson et al.*, 15 Mass. 106; *Sullings v. Richmond et al.*, 5 Allen 187."

This is the rule governing an antenuptial contract. If the contract was made after marriage, the widow had an interest in the property, either an absolute fee, if it was community property, or a qualified estate or right of occupancy for a limited time, if it was separate property, that could pass only by deed executed with the formalities required by statute. Rem. & Bal. Code, §§ 8745, 8746 (P. C. 143 §§ 1, 3); *McMahill v. McMahill*, 105 Ill. 596, 44 Am. Rep. 819.

In principle, our reasoning is sustained by reference to our decisions holding that the waiver by a debtor in the instrument creating the debt of his right of redemption is contrary to public policy. *Dennis v. Moses*, 18 Wash. 537, 52 Pac. 333, 40 L. R. A. 302.

The vitality of Rem. & Bal. Code, § 1464 (P. C. 409 § 323), providing for the setting aside of estates of less than $1,000 has, in view of the homestead law of 1895, Laws of 1895, p. 109 (Rem. & Bal. Code, § 528 *et seq.*; P. C. 223 § 1), been doubted by many careful and learned members of the bar, and has been mooted in at least one case decided by this court. *Stewin v. Thrift*, 30 Wash. 36, 70 Pac. 116. The statute has never been repealed unless by implica-

tion.  A resort to the rules governing repeals by implication, and the many decisions of our court that such repeals are not favored, and that laws will not be held to be repealed by a later act unless the repugnancy is so plain that an intent to cover the whole subject-matter of the later act can be attributed to the legislature.  We have examined § 1464 and the act of 1895 with this thought in view, and have decided' that they are not repugnant one to the other.  The act of 1895, in so far as it deals with the right to select a homestead after the death of a spouse, refers to real property only, whereas, § 1464 is intended to include the whole estate. Section 1464 seems to have been intended to apply only in cases where it appears that there is no property of sufficient value to satisfy the limitations of the homestead and exemption rights.  At the time the statute was enacted and amended, the value of the homestead allowed under the general laws was fixed at $1,000.  Besides the policy which prompts the public to provide for the care of the dependent widow and children, there is another policy apparent in the statute; that is, to clear the records of small estates when no purpose would be served by an administration.  It is said that the estate *shall* be set aside "and there shall be no further proceedings in the administration unless further estate be discovered."  Although doubted by counsel, the case *In re Neff's Estate,* 139 Cal. 71, 72 Pac. 632, seems to be in point.  It is there said:

"In the case at bar, the court, in making the order appealed from, was not setting aside a homestead, nor dealing with the subject of homesteads.  It was a proceeding under section 1469, which specifically deals with the special subject of estates less in value than $1,500, and provides that the whole of such an estate shall go to the widow, subject to existing liens and encumbrances.  The claim to the land in question which these appellants set up is not a claim to a 'lien or encumbrances'; it is a claim of ownership or title. Taking all the code sections together, and considering the regard which the law has for the interests of the family, it

was clearly the intention of the legislature that small estates under $1,500 shall go immediately to the family without further administration."

It is further contended that § 1464 is obnoxious to the constitution, art. 2, § 19, in that the title of the act of 1891, page 380, is insufficient to sustain it. The title of that act is, "An act in relation to proceedings in probate, amending sections 1299, etc., of the Code of Washington of 1881 and repealing sections 623, etc." Section 23 of the act of 1891 is the same as § 1459 of the Code of 1881, with this exception: that the amount of the estate to be set apart is changed from $500 to $1,000. Other existing statutes were amended in the same act generally by reference to the particular sections amended, and appellants contend that the title of the act in so far as it refers to proceedings in probate must be read in connection with the enumerated sections of the Code of 1881. *State ex rel. Arnold v. Mitchell*, 55 Wash. 513, 104 Pac. 791, is relied on as authority. That case does not, in our opinion, go so far as to hold the title under consideration insufficient. In that case, a subject-matter was treated that was wholly foreign to anything suggested in the title, whereas, the title in the present case is sufficient to sustain any provision germane to the subject "proceedings in probate."

Finally, it is contended that no title vested in the widow, in virtue of the order of the court, to the property set aside only for her use and support. "The whole estate" is set apart. The statute does not assume to put a limitation upon the power of sale, and in the absence of legislation, it is clear that we cannot.

Finding no error in the judgment, it is affirmed.

Chadwick, Parker, Gose, and Mount, JJ., concur.