[No. 19514. Department Two. December 8, 1925.]

## BEATRICE L. MANNING, *Appellant*, v. GEORGE W. ALCOTT, *Respondent.*[1]

[1] EXECUTORS AND ADMINISTRATORS (15)—PROCEEDINGS FOR APPOINTMENT—NOTICE—NECESSITY. Rem. Comp. Stat., § 1433, dispenses with notice of hearing of a petition for the appointment of administrators, presented on behalf of the surviving husband or wife, even though the appointment of some one else is asked and made.

[2] SAME (62)—ALLOWANCES TO WIFE OR HUSBAND—HOMESTEAD ALLOWANCE BY COURT—NOTICE—SUFFICIENCY. Failure to give notice of the setting aside of a homestead, under Rem. Comp. Stat., § 1473, requiring "such notice as the court may determine," is not ground for vacating the order; since it will be presumed regular, or that the court required no notice, and because the final decree became binding and conclusive upon all parties.

[3] SAME (104)—DISTRIBUTION—FINAL ORDER—CONCLUSIVENESS. A final decree of distribution of an estate, unappealed from, is final and conclusive and cannot be set aside in an action by heirs for an accounting.

[4] FRAUD (2, 22)—DECEPTION—FIDUCIARY OR CONFIDENTIAL RELATION—EVIDENCE—SUFFICIENCY. Fraud and overreaching, of a daughter by her father, sufficient to require an accounting, is shown where, acting as administrator of his wife's estate, he procured the daughter, who had just past majority, to execute a deed and assignment of all her interests upon misrepresentations as to their purpose and necessity, whereupon he appropriated all the property through probate proceedings, and refused to account to her.

[5] DESCENT AND DISTRIBUTION (5) — PERSONS ENTITLED AND THEIR SHARES—HEIRS—CHILDREN. A daughter's interest in her mother's estate, who left surviving her a husband and one other child, is one-fourth of the remainder, after deducting the value of the homestead, set aside to the husband, and the claims allowed against the estate.

Appeal from a judgment of the superior court for King county, Hall, J., entered April 22, 1925, upon findings in favor of the defendant, in an action for an

[1]Reported in 241 Pac. 287.

accounting and recovery of an interest in an estate, tried on the merits to the court. Reversed.

*J. E. McGrew,* for appellant.

*Million & Houser* and *J. L. Corrigan,* for respondent.

MACKINTOSH, J.—On September 16, 1918, the mother of the appellant and wife of the respondent died, intestate. Two children survived, the appellant, at the time of her death being of the age of fourteen years, and a son, who at that time was about sixteen years of age. On September 21, the respondent filed a petition for letters of administration, asking that appellant's uncle be appointed administrator. This petition was granted, and on September 25 an order was made setting aside the homestead and household goods and furniture as the separate property of the respondent. On the same day, an inventory was filed. In September 1919, the first annual account of the administrator was filed. In January, 1920, a guardian *ad litem* was appointed to look after the interests of the minors. In May, 1920, the annual report of the administrator was approved. On January 20, 1922, the final account and petition for distribution was filed, the petition setting out in full all the property of the estate and asking that it be distributed.

The petition alleged that the two children of the deceased, both then having reached their majority, had transferred to the respondent all their interest in the estate. There was filed with the petition an assignment of the interest of the two children to the respondent, and a deed from them to him of the real estate in the estate of their deceased mother. On February 27, 1922, the court entered an order approving the final account and distributing all of the estate to the respondent. This order contained a finding that due and proper

notice of the pendency of the hearing on the final account and petition for distribution had been given.

On May 5, 1924, being two years and two months after the date of the entry of the order of distribution, and one year and a half after the discovery by the appellant that her father refused to return the property, this action was begun by the appellant, the complaint alleging, in addition to the foregoing facts, that the assignment of the appellant's interest in the estate and the deed from the appellant were procured at the urgent request of the administrator and respondent, and upon their statement that the assignment and deed were needed to protect the interest of the appellant's brother in the estate; that the appellant's interest and that of her brother would be preserved and properly accounted for, and upon the settlement of the estate those interests would be conveyed to the two children; that, in the procuring of the appointment of a guardian *ad litem* for the appellant and in the execution of the assignment and deed, the appellant acted without advice other than that given by the respondent and the administrator; that, having great faith in their honesty and integrity and believing that they were acting in her interest, she executed the different instruments, having no knowledge of their contents; that, after the respondent had taken the property, real and personal, under the order of distribution, he refused to account to the appellant for any property coming from her mother's estate, claiming that she had no interest therein.

The complaint concluded with a prayer that the appellant have a full accounting with the respondent, that all papers signed by her during the course of administration be cancelled, that the action of the probate court in divesting the appellant of her interest in the estate be set aside, that the appellant be awarded

judgment against respondent for the amount due her, as shown by an accounting, from her mother's estate. The respondent's answer, after making admissions and denials, contained a counterclaim demanding $25 a month for the period during which the appellant has occupied the homestead of the respondent. From a decree in favor of the respondent, this appeal has been taken.

[1]  It is first urged that the court did not obtain jurisdiction in the probate proceeding, for the reason that no notice had been issued or given of the hearing on the petition for appointment of an administrator. Section 1433, Rem. Comp. Stat., provides that no notice of hearing of a petition for appointment of administrator is necessary "if the petition be presented by or on behalf of the surviving husband or wife." Here the petition was presented by the surviving husband, asking for the appointment of appellant's uncle. As long as the petition is filed by the surviving spouse, no notice is necessary, even though the surviving spouse may not seek the appointment as administrator himself, but asks to have someone else so appointed. The court, therefore, obtained jurisdiction and had authority to enter a decree of final distribution, which has not been appealed from, and has become final and conclusive.

[2]  Objection is made to the setting aside of the homestead to the respondent, for the reason that no mention is made of a notice having been given of the hearing on the petition for the homestead. Section 1473, Rem. Comp. Stat., provides that homesteads shall be set over "upon such notice as may be determined by the court." There are three answers to the appellant's position. The first is that the action of the court will be presumed to have been regular, in the absence of any showing to the contrary. And second,

that, under the section as quoted, the matter of notice is one that is left to the determination of the court, and if no notice was given it must be conclusively presumed that the court determined that no notice was necessary. And finally, the decree of distribution became a final decree in the action and was binding and conclusive upon all persons interested, and any error that may have occurred in the failure to give notice of the hearing on the petition for the homestead was cured by the final decree.

[3] There is, therefore, in this case no question about the finality of the order and decree of distribution, and so much of the appellant's complaint as would indicate a desire to have that decree set aside cannot be considered. Some argument is made by the respondent in objection to the consideration of the complaint as one seeking to have the decree set aside, upon the ground that the action is barred by the statute. The statute of limitations was not pleaded, and, as we have already noticed, the action cannot be maintained as one seeking to invalidate the final decree.

However, sufficient was pleaded and sufficient evidence introduced to justify the court in finding that, on account of the relationship existing between the respondent and the appellant, the latter is entitled to some relief.

[4] This court has consistently stated and determined that, where an extremely confidential relation exists, as between guardian and ward, husband and wife, parent and child, a small amount of overreaching and advantage taken by one standing in the position of close relationship and confidence is sufficient to compel such person to account for the property obtained to one who has confided in him. It is not necessary, when this relationship has been shown to exist, that the abuse of confidence amount to that degree of fraud

which would call for a rescission as between strangers. As we have said before, equity demands in transactions between parties so situated unparagoned good faith. *Muzzy v. Tompkinson,* 2 Wash. 616, 27 Pac. 456, 28 Pac. 652; *Hemrich v., Hemrich,* 117 Wash. 124, 201 Pac. 10; *Pickard v. Webb,* 118 Wash. 244, 203 Pac. 51; *Meyer v. Campion,* 120 Wash. 457, 207 Pac. 670.

Where there has been a breach of that duty, and the dependent has been taken advantage of, the burden is upon the one to whom the advantage has flown to establish the purity of the transaction; and when that cannot be established, the effect is the same as though actual fraud had taken place.

In the case at bar, while the record does not justify a finding of what would be necessary in an action between strangers to establish fraud, yet, as between a father and a daughter who, at the time she transferred her interest in her mother's estate, was only a few days past her majority, the evidence shows sufficient overreaching, deception and failure to make full and frank disclosure to justify and compel the court to hold that the father must account to his child for her property which he has acquired.

[5] There remains, therefore, the necessity of determining the amount to which the appellant is entitled. The value of the mother's estate was determined in the probate proceeding and the amounts there found are conclusive. The inventory showed that there was a lot in Seattle, with a house on it, appraised at $1,750, and some acreage outside of Seattle appraised at $1,500, which was sold for $2,000. The real estate, therefore, was of the value of $3,750. The inventory shows the personal property to have consisted of cash in banks in the sum of $3,114.91, Liberty bonds $400, household goods appraised at $400, or a total of personal property of $3,914.91. The total estate, therefore, was

worth $7,664.91. The probate court set aside as homestead to the respondent the lot and house in Seattle, together with the household goods. These together made up a value of $2,150. This deducted from the total value of the estate leaves a balance of $5,514.91. The probate court allowed claims against the estate to the amount of $1,151.18. This does not include any attorney's or administrator's fees, they having asked for none. This amount deducted from $5,514.91 leaves a balance of $4,363.73. Of this the appellant was entitled to one quarter, or $1,090.93. The appellant was allowed by the respondent to occupy the homestead for a period of eighteen months. The first demand for rent seems to have been made on March 11, 1924, and as the appellant was still in possession of the property at the time of trial in June, 1925, she is liable for rent for fifteen months in the sum of $375, leaving a net judgment in her favor in the sum of $715.93, together with the costs on appeal.

TOLMAN, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.