COFFMAN-DOBSON BANK & TRUST CO., EXECUTOR OF THE LAST WILL OF FREDERICK M. BROADBENT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21038. Promulgated September 18, 1930.

*A. A. Hull, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

### OPINION.

LANSDON: The petitioner, as executor of the last will and testament of Frederick M. Broadbent, deceased, has appealed from the action of the respondent in asserting additional estate taxes of $125.03 against that estate, alleging that in his determination of the taxable estate the respondent erred in including community interests belonging to the widow. The case is submitted for decision upon the pleadings, which concede the basic allegation in subdivision (a) of the fifth paragraph of the petition, reading as follows:

The last will of the decedent disposed of his own estate, which, under the laws of the State of Washington, is ½ of the aggregate property, and further provided that if the widow would permit her property to be placed in trust and be disposed of ultimately, as directed by the decedent, she would receive the income from the whole estate. The widow elected to take under the will.

As thus submitted we have for determination a single issue of law, viz., Does the act of a widow in placing her part of community property in a trust created by the will of her deceased husband, in consideration of a condition in said will giving her the income from the trust, which also included the interest of the decedent, vest, *ad interim*, her part of such property in the decedent's estate, so as to subject it to the Federal estate tax?

Under the Revenue Act of 1921 a tax is laid upon property belonging to the estate of a decedent which passes to others at his death and which " after his death is subject to the payment of

charges against his estate and the expense of its administration and is subject to distribution as part of his estate." It also includes interest of the surviving spouse in decedent's estate, as "dower," "curtesy," or any interest created by statute in lieu of dower or curtesy. (Sec. 402 (a) (b), 1921 Act.) The petition alleges that the decedent disposed of "his own estate," which, under the laws of Washington, was "½ of" the aggregate property. Assuming that the "other" one-half of the property belonged to the widow and that the "aggregate property" constituted a community estate, as contended by both petitioner and respondent, can it be said that the widow's portion was either an interest subject to charges against the decedent's estate within section 402 (a), *supra*, or one of dower, or created by statute in lieu thereof under subparagraph (b), *supra?* We do not think so. Under the laws of the State of Washington the interest of a wife in community property is vested in her and in no way depends upon her survival of the husband. On the other hand, it survives her and, upon her death, vests in her heirs, who become tenants in common with her surviving husband. In no case is it liable for the debts of the husband or distributable as a part of his estate. *Ostheller* v. *Spokane Ry.*, 107 Wash. 678; 182 Pac. 630; *Goulette* v. *Goulette*, 114 Wash. 689; 195 Pac. 1045; *Re Bradius Estate*, 122 Wash. 669; 211 Pac. 743; *Manning* v. *Alcott*, 137 Wash. 13; 241 Pac. 287; *Philbrick* v. *Andrews*, 8 Wash. 735; 35 Pac. 358; *Cox* v. *Thompkinson*, 39 Wash. 70; 80 Pac. 1005; *Sakert* v. *Schmidt*, 60 Wash. 23; 110 Pac. 635; *Adams* v. *Black*, 6 Wash. 528; 33 Pac. 1074. Under the laws of the State of Washington a transfer between husband and wife of the respective interests in community property can only be made by a written instrument signed, sealed, witnessed, acknowledged, and certified in the same manner and form as is required for deeds conveying real estate. (Sec. 5919, Gen. Stats. Washington.) *Scott* v. *Watson*, 75 Wash. 610; 135 Pac. 643.

There is no claim here that the decedent required, or that the widow attempted to accomplish, a transfer of her interest in the community property to the former's estate if, by such informal procedure as indicated, it could have been done. The only condition specified by the will was that the widow *permit her property to be placed in trust*, and it was this condition to so permit it to be placed that she accepted in the election made. Without passing upon any hypothesis not before us as to what might have been done had the parties so intended, it is clear, under the facts here shown, that the interests of the widow in the property put in trust passed direct from her to said trust, and that it at no time was a part of the taxable estate of the decedent.

*Decision will be entered for the petitioner.*