BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, EXECUTOR OF THE LAST WILL AND TESTAMENT OF MERTON J. PRICE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77885.   Promulgated June 11, 1936.

*Kenneth M. Johnson* for the petitioner.
*C. P. Reilly, Esq.,* for the respondent.

OPINION.

LEECH: This case involves a deficiency in estate tax of $172.82. The question is whether the entire proceeds of certain life insurance policies should be included in the decedent's gross estate for estate tax purposes, or only one-half thereof. The facts have been stipulated and are adopted by reference as our

findings of fact. The essential facts are: The decedent and his wife were residents of California, where the community property law prevails. Section 161 (a) of the California Civil Code, which became effective July 29, 1927, provides:

- The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172 (a) of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in community property.

Section 172 provides:

*Management of community personal property.* The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate; provided, however, that he cannot make a gift of such community personal property, or dispose of the same without a valuable consideration * * * without the written consent of the wife.

After the enactment of this section of the Civil Code the decedent, Merton J. Price, took out four policies of life insurance on his own life and paid the premiums thereon from community income or property earned or acquired after the effective date of section 161 (a). The stipulation of facts does not state to whom the policies were payable, whether or not the insured retained the right to change the beneficiary, nor what rights the insured had as to loans or surrender values, or to convert into some other form of insurance.

No controversy exists as to petitioner's right to the exemption of $40,000 under section 302 (g) of the Revenue Act of 1926, applicable here.

The respondent included the entire value of the proceeds of the insurance policies in the decedent's gross estate for estate tax purposes. Petitioner attacks the validity of that action.

In view of the failure of the stipulation to set out the reserved rights of the insured, and the presumption of correctness attaching to the respondent's determination, we find that deceased, at his death, possessed rights which properly supported a tax under section 302 (g) of the Revenue Act of 1926, as defined in *Chase National Bank* v. *United States*, 278 U. S. 327, and *Louise C. Moore, Executrix*, 33 B. T. A. 108, unless those reserved rights were deprived of that status by the law of the State of California (*supra*).

Petitioner's theory is that where the insurance was taken out after the enactment of section 161 (a), Civil Code, and the premiums were paid from community funds, the insurance was community property, that one-half thereof belonged to the wife, and that the husband's one-half, only, should be included in his gross estate.

Petitioner contends that under the law of California it is immaterial who was the designated beneficiary, or whether the insured had the right to change the beneficiary or not, if the premiums were paid from community property then one-half of the insurance belonged to the wife and she could not be deprived of it by the husband without her consent.

The premise of petitioner's position is that the present tax is laid upon the proceeds of the policies in controversy. Petitioner cites many California cases which may support its conclusion upon that premise. See *Coffman-Dobson Bank & Trust Co., Executor*, 20 B. T. A. 890. But the premise falls because the deficiency is proposed, not under section 302 (a),[1] but under section 302 (g),[2] which covers something not included in the former subsection. See *Porter* v. *Commissioner*, 288 U. S. 436. As was stated by the Circuit Court of Appeals for the Fifth Circuit, in affirming this Board in *Newman* v. *Commissioner*, which presented a similar question arising under Louisiana law, "The tax [here] is not upon the proceeds of the policies; it is not upon the interest to which the beneficiary succeeded at death, but upon the right of disposition and control the insured had at death." *Newman* v. *Commissioner*, 76 Fed. (2d) 449, affirming 29 B. T. A. 53.

Whatever the character of petitioner's rights in the policies, prior to the death of the insured, may have been (see *United States* v. *Malcolm*, 282 U. S. 792), those rights were certainly no more substantial under California law than they would have been under the law of the State of Washington. See sec. 6892, Remington's Compiled Statutes of Washington, 1922. *Poe* v. *Seaborn*, 282 U. S. 101; *Warburton* v. *White*, 176 U. S. 484. But, this Board has held against petitioner's contentions on a similar question arising under the law of the State of Washington. *Estate of Julius C. Lang*, 34 B. T. A. 337.

The determination of the respondent is affirmed. *Newman* v. *Commissioner, supra; Estate of Julius C. Lang, supra.* See *Chase National Bank* v. *United States, supra.*

*Judgment will be entered for the respondent.*

---

[1] Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death.

[2] Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*     \*     \*     \*     \*     \*     \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.