**340**

WELLS FARGO BANK & UNION TRUST CO., Executor of the Will of Walter D. K. Gibson, Deceased, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 31436.

United States District Court
N. D. California, S. D.

Sept. 23, 1955.

W. T. Fitzgerald, Clarence E. Musto, Franklin C. Latcham, Morrison, Foerster, Holloway, Shuman & Clark, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., George A. Blackstone Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

The action is one brought under Section 1346(a) (1) Title 28 U.S.C.A. for the refund of federal income taxes alleged to be erroneously assessed and collected.

The essential facts are not in dispute and have been the subject of stipulation: The taxpayer is the executor of the Last Will and Testament of Walter Gibson who died on December 21, 1938. His estate was in the course of administration

until August 26, 1941. Under the terms of his Last Will his property was placed in trust. His wife was named as the income beneficiary. The terms of the trust are not immediately important.

His Last Will, among other things, stated that its provisions were conditioned on his wife's waiving her right to take one-half of their community property. Such a waiver was executed by his wife contemporaneously with the execution of the Will.

The Will also gave her the power to withdraw one-half of the amount of the corpus of the trust for any purpose she might desire. This power was exercised by the wife when she assigned to the Crocker First National Bank as trustee one-half of the corpus of the trust established by the decedent. This property was distributed to the Crocker Bank under the Decree of Final Distribution of decedent's estate.

For the period January 1, 1941, through August 26, 1941, one-half of the income attributable to the property subject to administration in the husband's estate was returned by the taxpayer for purposes of federal income tax; the other half was reported on a return filed by the estate of the wife Emily, she having died on November 24, 1941. A deficiency was proposed against the estate of Walter, the husband, on the ground that the entire income for that period was taxable to him. Concurrently, an over-assessment was proposed with respect to the tax paid by the estate of the wife Emily. By agreement between the parties the deficiency assessed against the husband's estate was satisfied by setting off against it the overassessment in favor of the estate of the wife and the balance was paid in cash. The wife's estate was reimbursed for the use of this certificate of overassessment. That amount was charged by the husband's estate to his heirs.

Plaintiff taxpayer, executor of the Last Will of Walter Gibson, filed a claim for refund of income taxes on the ground that for the period in question only one-half of the income was charge-able to his estate, the other half being chargeable to the estate of Emily Gibson. The government allowed this claim in the amount of $9,362.58. Such refundable sum was reduced by the amount which thereby became due from the estate of Emily Gibson. The government paid the balance to the taxpayer. In this suit plaintiff seeks to recover that part of the amount of its claim for refund which was not refunded in cash, i.e. $7,100.35.

The foregoing statement of facts is sufficient to focus attention upon the basic legal question involved which centers around the case of Bishop v. Commissioner, 9 Cir., 152 F.2d 389. In the Bishop case the taxpayer and his wife, California residents throughout their married life, had present, existing and equal rights in the community property. During the administration of the estate of the husband half of the income was reported by the estate and half by the widow. The Commissioner sought to tax all the income as that of the estate. The Court of Appeals held that the widow, being the owner of a one-half interest in the community property, owned one-half of the income therefrom. Therefore the estate, it was held, could not be taxed on more than one-half.

The primary distinction between Bishop and the case at bar is apparent. The decedent, Walter Gibson, made and executed a Will in which he purported to dispose of the entire community property. The Will recited that it was conditioned on the assumption that his wife, Emily Gibson, would waive her community property rights in the estate and accept the provisions of the Will. The wife, according to the stipulated facts, agreed to take according to the Will and waived community property rights.

■■ The election engaged in by the wife Emily is binding and enforceable under California law. Flanagan v. Capital National Bank, 213 Cal. 664, 3 P.2d 307; Security First National Bank v. Stack, 32 Cal.App.2d 586, 90 P.2d 337. There is no contention urged that the husband took advantage of his wife or

that there was any overreaching or element of estoppel. Upon the husband's death, in view of this election the entire community property became the estate of the husband. The test or criterion of ownership referred to in the Bishop case is not present. The widow's relationship to the estate was that of a beneficiary.

In Flanagan v. Capital National Bank, supra [213 Cal. 664, 3 P.2d 308], in discussing a so-called "waiver," the court said:

"The 'waiver' was in fact a contract, by the terms of which plaintiff accepted certain devises and bequests under the will in lieu of any rights she might have in any community property. Such an agreement is clearly supported by consideration and is binding upon the plaintiff * * *."

Pacific National Bank, 40 B.T.A. 128, and Coffman Dobson Bank & Trust Co. 20 B.T.A. 890, relied on by plaintiff are beside the point and involve principles of estate tax rather than income tax. These cases hold that community property, though administered by the estate of the first spouse to die, is subject to an estate tax only on the one-half properly attributable to the decedent. They do not rule that a unit created by the will of the decedent under a valid election of one of the spouses, may be considered thereafter as a community interest and divisible for income tax purposes during the period of probate administration.

The contention is also advanced by plaintiff that because the Will gave the wife the right to withdraw up to 50% of the trust, consequently she had the right to revoke her agreement at any time and withdraw her consideration. It is sufficient answer to this contention to say that under no circumstances could the wife obtain any ownership or control until a distribution was effected on the estate of her husband.

■ The waiver executed by Emily was binding upon the parties and under the circumstances of the case there is no reason why this Court should not give recognition to the laws of the State of California, permitting a husband and wife by their contract to change the character of the property acquired by them.

In O'Bryan v. Commissioner, 9 Cir., 148 F.2d 456, at page 458, our Court of Appeals said:

"However, California law, Civil Code Calif. §§ 158, 159, permits a husband and wife by their contract to change the character of property thereafter acquired from community to separate, and such an agreement has been held effective to alter the nature of the property for income tax purposes."

Likewise, in the case at bar, the Court finds that Emily Gibson's waiver changed the character of the community interest upon the death of her husband and that the executor of the Last Will of Walter Gibson was liable for the full amount of taxes assessed against it. In view of the foregoing ruling it becomes unnecessary to consider the secondary defense urged by the government wherein the doctrine of equitable recoupment is urged.

The action must be dismissed as against the defendant United States of America.

■ During the course of the oral arguments before this Court the government proposed a counterclaim. Section 6532(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6532(b) bars the filing of a claim for collection of a refund unless the claim is instituted within two years after the refund is made. In the instant case the two-year statute of limitations expired just one day after the plaintiff commenced this action on April 11, 1952.

The government presented its leave to file a counterclaim only at the conclusion of the trial of the case in June of 1955, some five years after making the erroneous refund. Rule 13(f), 28 U.S. C.A. permits a pleader to set up a counterclaim when he fails to do so through oversight, inadvertence or excusable neg-

lect or when justice so requires. The government was aware of its refund for the full statutory period and yet failed to act by demanding its return until the trial itself. Under these circumstances, the government's excuse for the delay is not encompassed in the several grounds set forth in Rule 13 F.R.C.P. Defendant's delay constitutes laches.

It is also to be noted that this case was tried upon a stipulation of facts. Under the stipulation, agreed upon by the defendant, the amount of tax in dispute exclusive of interest, was fixed at $7,100.35. (Stipulation 24) It would be unfair for the defendant, particularly during the closing stages of the litigation, to seek an additional $2,000 after agreeing that the amount in dispute is $7,100.35.

Under the circumstances, the defendant's motion for leave to file the counterclaim is denied.

Findings may be prepared in accordance with the foregoing and Judgment entered thereon.